## Alexander English v. Catherine Carney and another.

*Appeal of one of two defendants from decree against both.*   Where only one of two defendants appeals from a decree, only such questions can be considered on the appeal as may affect his interest.

*Mortgage:*   Security applied' pro rata to several notes:   *Rights of mortgagee who becomes liable as endorser.*   Where a mortgage is given to secure two notes, payable to the order of the mortgagee, and the mortgagee assigns the mortgage and notes in usual form without any guaranty of payment or collection, and endorses one of the notes in blank and the other without recourse, and the note endorsed in blank has been duly protested, a decree, in a foreclosure suit brought by the assignee of the mortgage against the mortgagor and mortgagee, requiring the mortgagee to make up any deficiency there might be in the proceeds of sale of the premises to satisfy the mortgage, to the full amount of the note endorsed in blank by him, is erroneous.   The amount raised by the sale of the premises should be applied *pro rata* in reduction of both notes, leaving the endorser liable only for the proportionate share of the deficiency according to the amount of the respective notes.

*Interest clause in mortgage: Notice of election: Costs.*   Where a mortgage contains a covenant that if any part of the interest remains unpaid for thirty days after it falls due, the whole amount secured by the mortgage shall fall due and be payable at once at the option of the holder thereof, whether a bill to foreclose for non-payment of interest under this covenant, which alleges that the complainant, on default of payment, elected to ' treat the whole amount of the mortgage debt as due and payable, but alleges no notice to the mortgagor of such election, and where no such notice was proved, can be sustained as against the mortgagor, treating the bill itself as sufficient notice of the election, or, if not, whether the want of such notice will affect any thing more than the question of costs:—*Quœre?*

*Rights of mortgagee, appellant, as to such notice.*   But the note upon which the mortgagee was liable as endorser having become due, and his liability fixed, before the bill in this case was filed, upon an appeal taken by him alone, he is not entitled to have the decree disturbed upon the ground of want of notice of such election either to the mortgagor or to himself.

*Heard May 1.   Decided July 9.*

Appeal in Chancery from Bay Circuit.

*I. M. Smith* and *Ashley Pond*, for complainant.

*William Jennison*, for defendant Maxwell, cited: *Cooper v. Ulmann, Walk. Ch., 251; Parker v. Mercer, 7 Miss., 320; Cage v. Iler, 13 Miss., 410; 2 Hillard on Mortgages, 227, 229; England v. Tarlton, 23 Miss., 174; Pugh v. Holt, 27 Miss., 461; Henderson v. Hernod, 18 Miss., 631; Donley v. Hayes, 17 S. & R., 400; Belding v. Manley, 21 Vt., 550; Langdon v. Keith, 9 Vt., 299.*

CHRISTIANCY, CH. J.

This was a bill brought by complainant, the assignee, to foreclose a mortgage executed by the defendant, Carney, to defendant Maxwell, dated April 19, 1869, to secure two promissory notes of the same date, one for eight hundred and seventy dollars, payable eight months after date with interest at ten per cent., the other for one thousand six hundred dollars, payable four years from date with interest at ten per cent. per annum, payable semi-annually. The mortgage contained a covenant that, if the interest or any part thereof, thereby secured, should remain unpaid for thirty days after the same fell due, the whole amount secured by the mortgage should thereupon fall due and be payable at once, at the option of the holder thereof, although the whole time for the payment of the same had not expired.

The bill states that, on the 22d of December, 1869, there was due of principal (being the first note, then over due) the sum of eight hundred and seventy dollars, and for interest, fifty-eight dollars and seventy-two cents, and that, on the 22d of October, 1869, there became due for interest the further sum of eighty-one dollars and thirty-three cents; that no part of either of said sums has been paid; that more than thirty days have elapsed since the

same became due; that on default of payment complainant elected to treat the whole amount of the mortgage debt as due and payable at once, but alleges no notice to the mortgagor or mortgagee of such election; that the mortgage was duly recorded; that the notes and mortgage were afterwards, on the 18th of August, 1869, duly assigned by said Maxwell to complainant, by assignment in writing duly recorded; that the said eight hundred and seventy-dollar note, being payable to the order of said Maxwell, was by him endorsed in blank at the time of the sale and assignment thereof as aforesaid to complainant, and delivered to complainant with said mortgage and assignment; and alleges that, not being paid at maturity, the note was duly protested for non-payment and Maxwell duly notified, etc.; that said Maxwell, as such endorser, is liable to pay to complainant the amount of said note with interest; that there was due and unpaid the sum of two thousand six hundred and eighty dollars and thirty-seven cents. The bill contains the usual prayer for foreclosure and sale.

Both defendants were personally served with subpœna. Neither answered, and the bill was taken as confessed against both; and a reference was had to a commissioner to compute the amount due and to take proof of the material facts stated in the bill, etc. The assignment of the mortgage, as appears by the record, was in the ordinary form, assigning the mortgage together with the notes, but without any guaranty of payment or collection. The one thousand six hundred-dollar note was, like the other, payable to the order of Maxwell, but endorsed by him without recourse.

No notice was given of the election of complainant to treat the whole sum as due, other than the filing of the bill.

The commissioner having reported the amount due at

the sum of two thousand eight hundred and fifty dollars and ninety-three cents, including an attorney fee of fifty dollars and costs of protesting note, a decree of foreclosure and sale was made, which, among other things, required that, "on the coming in of the report of sale the defendant Maxwell, who is personally liable for nine hundred and ninety-five dollars and sixty-five cents of the said indebtedness secured by said mortgage (being then the amount of the eight hundred and seventy-dollar note), pay to complainant the amount of any deficiency (in the amount which might be due complainant, and costs), to the amount of said nine hundred and ninety-five dollars and sixty-five cents, and interest at ten per cent. from the date of the decree."

From this decree defendant Maxwell alone, appeals; and no question can be considered on the appeal except such as may affect his interest.

The main question in the case is, whether the decree is correct in requiring Maxwell, the endorser of the eight hundred and seventy-dollar note, to make up the deficiency (should there be so much), to the full amount of the note endorsed; or whether, on the other hand, the amount raised by the sale should be applied *pro rata*, in reduction of both notes, leaving the endorser liable only for the proportionate share of such deficiency, according to the amount of the respective notes.

As between mortgagor and mortgagee, the mortgage, given to secure several notes, stands as a security for the whole. And it may be regarded as settled in this state, in accordance with the weight of authority in this country, that when the mortgagee assigns one of the notes to a third person by an ordinary assignment, without any special provision upon the subject, the mortgage, in equity, will stand as a security for all the notes, as well that assigned

as those retained by the mortgagee, and that when all the notes are sold and transferred each to a different person, the mortgage will still stand as an equal security for all the notes *pro rata*; and this in each case, without reference to the time they respectively become due; unless, prior to the making of some later assignment, the mortgagee has, by some stipulation or arrangement with a prior assignee or with some other person interested in the land or the mortgage, given a preference to one or more of the notes previously assigned. See *Cooper v. Ulmann, Walk. Ch., 251; 3 Lead., cases in Eq., 646, etc.,* and other cases cited in the brief for the appellant.

In the present case, however, both the notes (constituting the whole mortgage debt) were sold and assigned to the complainant with the mortgage, the assignor making himself liable as endorser, *only* for the smaller note due at eight months, and not for the larger note made payable in four years. But both notes continued to be equally secured by the mortgage, as well after the assignment as before, unless there was something special in the transaction or instrument by which the assignment was made, to deprive the first note of its equal benefit of the mortgage security and to give a preference to the second note, which was not endorsed. The written assignment of the mortgage certainly contains nothing having, or intended to have, this effect, and we think it equally clear that the endorsement of the first note had no such effect. Certainly the assignee, notwithstanding the endorsement of this note, could, and by his bill in this case does, insist upon the lien of his mortgage upon the land to the full amount of both, and the decree gives him the benefit of the lien for the whole. And so far as regards the question of deficiency of proceeds upon the sale to be made, the question stands in all respects the same as if the endorsed

note had been made payable to the order of a third person and endorsed by the latter, and he had been made a defendant instead of Maxwell.

The question is in no way altered by the fact that the endorsement was made by the mortgagee.

Maxwell was liable *as endorser only.* His liability had become fixed by the proper demand, notice and protest. The complainant, it is true, might have brought his suit at law against the endorser at once, and recovered, and even obtained satisfaction, before the other note became due; and the fact that the note was secured by the mortgage and that the rest of the mortgage debt was not due, would have constituted no defense.

But whenever the endorser should pay the note, whether after judgment or before suit, as he might have done, he would, as endorser, have been entitled to the note with the same rights and remedies which the endorsee had before payment.   He would have become again the owner of the note with all the same rights against the maker and the same benefits of the security, in equity, as he had before he transferred it to complainant, viz: the right to the mortgage security *pro rata* with the other note.   This would seem to be exactly in accordance with the intention of the parties at the time of the assignment of the mortgage and the endorsement of the note; as there is nothing tending to show that Maxwell would have endorsed it had it not been secured by the mortgage; and he must therefore be regarded as relying upon the security of the mortgage in making the endorsement.

As Maxwell, then, would have been entitled in equity to the benefit of the mortgage security *pro rata,*—a benefit of which complainant could not equitably have deprived him while he held him liable as endorser—and this is a proceeding in equity which is finally to adjust the rights of all the parties, and which seeks payment from the endorser

as such, the decree against him for payment should allow him the benefit of the security, *pro rata*, according to the amount of the respective notes, upon the same principles that he would be entitled to the like benefit if he had paid and taken up the note, and, as a complainant, was endeavoring to enforce the security for the benefit of both notes, *pro rata*, by a foreclosure sale. The sum to be realized by the sale should be applied upon this principle, leaving Maxwell to pay only his proportionate share of any deficiency of proceeds for the payment of the whole mortgage debt.

The only other objection relied upon by the appellant is, that he, as well as the mortgagor, was entitled to notice of complainant's election to treat the whole amount as due for the non-payment of interest, and that no such notice is alleged or proved.

We need express no opinion here, whether the bill could be sustained as against the mortgagor, treating the bill itself as sufficient notice of the election, in analogy to an action at law upon a note or claim due upon demand, or, if not, whether the want of such notice would affect any thing more than the question of costs. The mortgagor did not appeal, and the decree below is conclusive upon him.

The note endorsed by the appellant, and upon which alone he is sought to be held liable, was overdue some time before the election is alleged to have been made, and before the filing of the bill; and the appellant's liability as endorser having been fixed, suit might at once have been brought against him at law, and the whole amount recovered, long before the other note, but for the election, would have become due.

We do not think, under the circumstances, that the appellant was so far interested in the question of election, as to entitle him to disturb the decree upon this ground.

The decree must be modified as to the amount of defi-

ciency for which the appellant is to be held liable, in accordance with the views above expressed; and the appellant must recover his costs on the appeal.

The record must be remitted to the court below for carrying the decree into effect.

CAMPBELL and COOLEY, JJ., concurred.

GRAVES, J., did not sit in this case.