83 231
109 348
83 231
148 1357

MILO A. JENNINGS v. MARY L. MOORE AND ·ABRAM SMITH.

*Mortgage—Assignment of part interest—Foreclosure—Redemption— Evidence.*

1. Where there are several notes secured by a mortgage, neither has priority over the others by reason of maturing at an earlier date, but all have an equal claim to be paid ratably out of the land; citing *Cooper v. Ulmann*, Walk. Ch. 251; *English v. Carney*, 25 Mich. 178; *McCurdy v. Clark*, 27 Id. 447.

2. A mortgagee sold two of three mortgage notes, and assigned a corresponding interest in the mortgage, which fact was stated in the assignment. And it is held that parol testimony is inadmissible to show an alleged agreement that the assignee was to have a priority of lien under the mortgage as security for the payment of his notes.

3. The assignee of an interest in a mortgage corresponding to two of the three notes, which he had purchased, foreclosed the mortgage by advertisement, and on the expiration of the redemption year took possession of the mortgaged ·premises under his sheriff's deed. The assignor commenced a suit to foreclose his interest in the mortgage, and secured a decree setting aside the statutory foreclosure, and directing a sale of the land, and a division of the proceeds realized thereon between the assignor and assignee according to their respective interests. And it is held that the statutory foreclosure did not affect the ˙relative rights of the assignor and assignee, but that, as the assignee had purchased the equity of redemption, he had the right to redeem from the lien of the assignor under the mortgage, and that, failing to do this within six months, the premises be sold as in ordinary foreclosure cases, and the moneys realized divided according to the respective interests of the parties.

Appeal from Berrien. (O'Hara, J.) Submitted on briefs October 30, 1890. Decided November 14, 1890.

Bill to foreclose a mortgage. Defendant Smith appeals. Reversed, and decree entered in this Court in accordance with the opinion, in which the facts are stated.

*George S. Clapp* and *A. Plummer,* for complainant, contended for the doctrine stated in the opinion.

*G. M. Valentine,* for defendant Smith, contended:

1. A mistake in a written instrument, when ·proved to the satisfaction of the court, is good ground for refusing relief to which the complainant would otherwise be entitled; citing *Garlinghouse v. Dixon,* Walk. Ch. 440; *Gillespie v. Moon,* 2 Johns. Ch. 585; *Reed v. Root,* 59 Iowa, 359; and it is competent for a mortgagee in making an assignment to give one or more installments priority over the others; citing *Cooper v. Ulmann,* Walk. Ch. 251.

2. If the court should find that there is a mistake of law in this case, it should relieve the defendant Smith therefrom under the circumstances of the case. The rule that courts will not relieve against mistakes of law has no application to mistakes in the language of a contract, or in the choice of forms of an instrument, whereby it has an effect different from that intended by the parties; citing *Stafford v. Fetters,* 55 Iowa, 484; *Reed v. Root,* 59 Id. 359; and courts will relieve against mistakes either of law or fact where great injustice has been or is about to be done; citing *Auditor General v. Supervisors,* 62 Mich. 592.

3. The assignment of the notes and mortgage did not operate as a payment of the amount due from Jennings to Smith, there being no specific agreement that it should have that effect; citing *Gardner v. Gorham,* 1 Doug. 507; *Dudgeon v. Haggart,* 17 Mich. 273; *Boom Co. v. Sanborn,* 36 Id. 358; *Hanson v. Donkersley,* 37 Id. 191.

LONG, J.   The bill was filed in this cause to foreclose a mortgage upon real estate given by Mary L. Moore to the complainant.

The history of the transaction out of which this proceeding grows is, as set forth in the bill, that on May 9, 1874, complainant sold and conveyed 10 acres of land to defendant Mary L. Moore for the sum of $3,000, and she and her husband, Orrin E. Moore, gave complainant their notes for that amount.   One note was for the sum of $500, due in one year, and there were two other notes, for the sum of $1,250 each, due in two and three years

from date respectively, all drawing interest at the rate of 10 per cent. per annum. To secure the payment of these notes, Mrs. Moore made and executed a mortgage for $3,000 upon this 10 acres of land, and also upon 40 acres of other land. This 40 acres was also incumbered by a prior mortgage of $4,000.

. Soon after the execution of this mortgage and the notes, Abram Smith, the other defendant herein, sold to complainant his farm, and took towards the purchase price thereof the two notes first to fall due given by Mrs. Moore, that is, the $500 and one of the $1,250 notes, Jennings retaining the other note. At the time of this purchase, Jennings made an assignment in writing to Smith of that part of the Moore mortgage represented by the two notes so transferred to him. This assignment specifically sets forth the interest in the mortgage which Jennings transferred to Smith, as that part of said mortgage represented by said first two notes. None of the notes were ever paid.

In December, 1875, Smith began foreclosure proceedings by advertisement, and on March 22, 1876, the premises consisting of said 10 acres were sold to Smith at sheriff's sale for the amount of the $500 note, interest, and costs. When the year for redemption expired, Smith took possession under the sheriff's deed, and has ever since been in possession of the premises, claiming title through the sheriff's deed. Jennings has never made any claim to the premises, or attempted to assert any rights under his note and remaining interest in said mortgage, until the commencement of this suit.

Defendant Smith in his answer substantially admits the facts set up in the bill, but avers that at the time he took the notes from Jennings, and received the assignment of such part of the mortgage, it was expressly agreed and understood that he was to have a lien under his two

notes prior to any claim Jennings might have under the last note retained by him.

Testimony was taken in the cause, and Smith testified substantially to the facts set up in his answer. Complainant testified and claimed on the hearing that the purpose of the assignment was to sell to Smith only so much of the mortgage as secured the payment of the two notes sold to him, and that he (Jennings) still holds and owns an interest in the mortgage in the same proportion that his note bears to the whole debt; that is, that he holds and owns 5-12, and Smith 7-12, of the mortgage, and that his rights were in no manner affected by the foreclosure made by Smith. Mrs. Moore did not appear, and the bill was taken as confessed as to her.

On the hearing, the court below decreed that the foreclosure proceedings had by Smith by advertisement be set aside, and the premises be sold, the moneys arising from the sale to be divided between Jennings and Smith in proportion to their respective interests, that is, to Jennings five-twelfths and to Smith seven-twelfths. From this decree defendant Smith appeals.

The assignment does not state that Smith's two notes were to be held as prior liens over the note retained by Jennings. It does not purport to assign the whole interest which Jennings had in the mortgage, but only that part represented by the two notes given over to Smith. Whatever the understanding was as to which should have priority of lien cannot be shown except by the assignment itself. That was the agreement between the parties, and it cannot be changed or varied by parol evidence. Taking the assignment, then, as the agreement, it appears that Jennings was to and did retain five-twelfths of the mortgage, and only transferred to Smith seven-twelfths. This was an installment mortgage, and under the statute each installment must be taken and

deemed a separate and independent mortgage. How.
Stat. subd. 4, § 8498. While this is so, where these
several distinct payments are thus secured by one mort-
gage, no one of them has any preference over the rest in
consequence of falling due sooner, but all have equal
claims to be paid ratably out of the land. *Cooper v. Ul-
mann,* Walk. Ch. 251; *English v. Carney,* 25 Mich. 178;
*McCurdy v. Clark,* 27 Id. 447.

The foreclosure made by Smith in no manner, how-
ever, affected the rights of Jennings· in the security.
Neither had any preference over the other before such
foreclosure, and no such preference was acquired by the
proceedings to foreclose. It undoubtedly took away the
rights of Mrs. Moore to the possession if the foreclosure
proceedings were valid, but it in no manner adjusted the
rights between Jennings and Smith. By the proceedings,
Smith did not become the owner of the whole land, or
any definite undivided interest therein, freed from the
lien of Jennings' part of the mortgage. Though it oper-
ated as a foreclosure of the rights of Mrs. Moore, or any
person claiming through or under her, yet Jennings'
rights and interests were not changed under his mort-
gage lien, as his rights were in no way subordinate to
those of Smith. But Smith having purchased Mrs.
Moore's equity of redemption, he has the right to redeem
from the lien under the Jennings portion of the mort-
gage. Failing in this within six months from this date,
the premises will be advertised and sold as in ordinary
foreclosure proceedings, and the moneys arising from the
sale be. brought into court and be distributed, under
order of the court, between Smith and Jennings in pro-
portion as the notes held by each bear to the whole
amount secured by the mortgage.

The decree of the court below setting aside the mort-
gage foreclosure made by Smith will be reversed, and

decree entered in the court below in accordance with this opinion, the case to be remanded to the court below for the purpose of carrying out the decree. Complainant will recover his costs.

The other Justices concurred.