WALES *v.* GRAY.

1. TRUSTS AND TRUSTEES—ALTERATION OF TERMS OF TRUST.
    The grantor in a trust deed of property to be sold, and the proceeds devoted to the payment of certain notes, has no authority to direct the trustee to apply the amount realized from such sale otherwise than in accordance with the terms of the trust.

2. SAME—SALE FOR BENEFIT OF CREDITORS — APPLICATION OF PROCEEDS.
    A trustee of land to be sold, and the net proceeds to be devoted to the payment of two certain notes, must, in the absence of any direction as to priority in the trust deed itself, apply the proceeds *pro rata*, if they are insufficient to pay the notes in full.

Appeal from Wayne; Adams, J., presiding.    Submitted April 21, 1896.   Decided May 19, 1896.

Bill by Edwin A. Wales against William J. Gray, Charles P. Toll, the Citizens' Savings Bank, and Charles Toll, to compel the application of the proceeds of a sale under a trust deed upon a note indorsed by complainant. From a decree dismissing the bill, complainant appeals. Affirmed.

On October 10, 1891, defendant Charles P. Toll was indebted to the Citizens' Savings Bank upon two promissory notes,—one for $2,650, indorsed by the complainant and Charles Toll, and then past due; the other for $1,900, indorsed by Charles Toll alone, and to become due on October 21st of the same year. In order to secure these two notes, Charles P. Toll conveyed certain lands in trust to defendant Gray, who executed a declaration of trust which stated that the land was conveyed to him for the following purpose:

"1. To sell the same for the best price I can obtain, and to devote the net proceeds to the payment of two certain notes,—one for the sum of $2,650, dated May 26, 1891, and payable in three months from its date, and indorsed by Charles Toll and E. A. Wales; and one for the sum of $1,900, dated June 18, 1891, and payable four months from its date, and indorsed by Charles Toll,— both notes being made by Charles P. Toll, and now held by the Citizens' Savings Bank of Detroit, and, after the full payment of said two notes, to pay the remainder of the said proceeds to said Charles P. Toll. Said power of sale shall not become operative until one year from this date, and in the meantime said Charles P. Toll shall be entitled to the possession of said premises. At the expiration of one year, I shall have the right of possession.

"2. In case of payment in full of said notes prior to any sale by me of said lot, whether within the year or not, then I agree to reconvey said lot to said Charles P. Toll by deed, with covenant against my own acts. It is understood that the conveyance of said lot in no way extends the time of payment of either of said notes."

The property was sold by the trustee October 22, 1894, the net proceeds being $2,378.72. February 13, 1893, Charles P. Toll wrote a letter to defendant Gray, directing him to apply the proceeds from the sale of the lot in payment of the first note, and, when that was paid in full, to apply the balance upon the other note. Mr. Gray declined to do this, and declared his intention to apply the proceeds *pro rata*. The complainant filed this bill to compel the application of the proceeds of the sale upon the first note, the one indorsed by him.

*Bowen, Douglas & Whiting*, for complainant.

*Gray & Gray*, for defendant bank.

*Look & Humphrey*, for defendant Charles Toll.

GRANT, J. (*after stating the facts*). Had the debtor, Toll, the right to direct the application of payments? We think not. The terms of the trust must control. If the debtor alone were concerned, it would make no difference upon which note the payment was applied. Charles P.

Toll parted with his right to dictate or control the application when he gave the security. He then agreed and directed the trustee "to devote the net proceeds to the payment of these two notes." The trust deed stands upon the same footing as a mortgage, securing distinct payments. In the absence, therefore, of any direction as to the priority in the deed itself or declaration of trust, the proceeds must be applied *pro rata*. *Jennings* v. *Moore*, 83 Mich. 231, and authorities there cited.

The court below so held, and the decree is affirmed, with costs.

MONTGOMERY, HOOKER, and MOORE, JJ., concurred. LONG, C. J., did not sit.