HOME SAVINGS BANK *v.* McLAREN.[1]

BILLS AND NOTES—MORTGAGE SECURITY—PRO RATA APPLICATION—
RIGHTS OF INDORSER.
The indorser of a note who consents, in consideration of the benefit accruing to him, to the acceptance of any such security and the grant of such extensions of time as the holder may see fit, is entitled to have the proceeds realized upon a mortgage thereafter given to secure such note, and other notes on which he is not liable, applied *pro rata*, in the absence of any apparent advantage to the indorser from waiving his rights other than the benefit derived from the security.

Error to Wayne; Daboll, J., presiding. Submitted February 5, 1897. Decided March 23, 1897.

[1] Rehearing denied June 18, 1897.

*Assumpsit* by the Home Savings Bank against John P. McLaren upon a promissory note.   From a judgment for plaintiff, defendant brings error.   Modified.

> *Thomas S. Jerome*, for appellant.
>
> *George W. Radford*, for appellee.

HOOKER, J.   On June 24, 1891, Charles P. Toll gave a promissory note for $288 to McLaren, the defendant, who indorsed and sold it to the plaintiff, the Home Savings Bank.   On January 23, 1892, the defendant signed a writing, reading as follows, viz. :

" *Whereas*, the Home Savings Bank, of Detroit, Michigan, is the holder and owner of a note made by Charles P. Toll, and indorsed by the undersigned, which note is for the sum of two hundred and eighty-eight ($288.00) dollars, and bears date June 24, 1891, due four months after date:   *Therefore*, for and in consideration of the benefit accruing to me, the undersigned, I hereby consent that said the Home Savings Bank may accept such security, and grant such extensions of time, for the payment of said note as its officers may deem proper, and that the same shall not in any way affect my liability on said note.
[Signed]   " JOHN P. MCLAREN."

Two days later, Toll gave a bond to the plaintiff, conditioned that he should pay to the plaintiff the sums of money due to it upon the following promissory notes, viz. :

| Dates. | Amounts. | Makers. | Indorsers. |
|---|---|---|---|
| (1) July 6, 1891............ | $2,500 | Chas. P. Toll....... ...... | Frank C. St. Aubin |
| (2) June 27, 1891......... | 3,400 | Chas. Toll.................. | Chas. P. Toll |
| (3) May 23, 1891.......... | 1,000 | Chas. P. Toll..... ...... . | John A. Heames |
| (4) Sept. 7, 1891.. ......... | 800 | Chas. P. Toll, Agent.. | James A. Hinchman<br>Chas. P. Toll<br>John A. Heames |
| (5) May 18, 1891. ......... | 350 | Chas. P. Toll...... ...... | J. H. Haulenbeek |
| (6) June 24, 1891.......... | 288 | Chas. P. Toll....... ...... | John P. McLaren |
| (7) Jan. 25, 1892..... ...... | 950 | Chas. P. Toll. ........... | None |

This bond was secured by a mortgage on real estate, given by Toll. On a suit to foreclose this mortgage, wherein all were parties except Haulenbeek and the defendant, and upon an order *pro confesso*, except as to Heames, a decree and order of sale were made, December 1, 1894. The amount found to be due was $10,682.37 and interest from July 26, 1894. The decree provided that, in the event of the sale not realizing enough to pay the decree, the complainant have leave to take proofs as to the liabilities of St. Aubin, Charles Toll, Hinchman, and Heames, and "that the application of the sum so received from said sale to the payment of said several promissory notes shall abide the further order and decree of this court." No order as to application of this sum has been made. On February 16, 1895, the property was sold for $6,000, under the order of sale, and $5.925.49 was paid complainant on its debt, and a deficiency of $5,204.-28 reported. The amount paid on the debt amounted to 52.9 per cent. of the amount then due. There is no showing or finding that plaintiff made any application of this amount so received to the payment of any particular note. On October 10, 1895, another decreee was made as to the liabilities of the parties collaterally liable, finding the parties named below liable as stated below, and executions were awarded as follows: Against Frank C. St. Aubin, $3,103.25; against Charles Toll, $3,360.25; against John A. Heames, $1,248.82; against James A. Hinchman and John A. Heames, $993.04,—these being the entire amounts of the respective notes and interest; and that the sheriff should bring the surplus amount received over and above the deficiency into court, to abide the further order thereof. The entire amount of the execution against Frank C. St. Aubin has been collected and paid over to complainant. Executions against Heames, and Hinchman and Heames, were issued, but are not returned. This action was begun on the promissory note on July 11, 1895. On March 2, 1896, defendant made a tender to

plaintiff of $177.90, and $30 for costs already accrued. This tender was refused.

The above facts are undisputed, and no exceptions were taken to the court's findings of fact. Based upon them, the court proceeded to render judgment against defendant for the full amount of the note, with interest and costs. Defendant contended that the foregoing operated as a payment of his note, at least in part, and requested a judgment in his favor; failing this, a judgment against him for 22 per cent. of the note and interest; or, failing that, a judgment against him for 47.1 per cent. of the note and interest. They were all refused.

The writing signed by the defendant shows upon its face that the permission to grant extension of time, and accept security, without affecting his liability upon the note, was for and in consideration of the benefit accruing to him. The only benefit apparent is such protection as the security should afford, but it is now said that this was not intended as a security for his benefit, but merely for the benefit of the plaintiff, who, nevertheless, insists that the defendant is bound by the writing. In *English* v. *Carney*, 25 Mich. 178, it was claimed that security should not be ratably applied in favor of an indorser, and it was there said that the right to have the mortgage apply *pro rata* to the several notes would seem to have been the intent of the parties at the time the indorsement was made, " as there was nothing tending to show that Maxwell would have indorsed it had it not been secured by the mortgage, and he must therefore be regarded as relying upon the security of the mortgage in making the indorsement." The same and more may be said in this case, for the defendant evidently relied upon the proposed security as an advantage to him, for which he was willing to part with some of the legal rights of an indorser.

We do not attempt to determine the rights of the defendants in the foreclosure case, because the facts and parties are not fully before us, and, further, the decree

shows that the court did not determine finally the liability of any of them.   Hence we cannot say that the defendant is entitled to claim any payment upon his note, beyond his proportionate share of the money received upon the sale of the mortgaged premises.   We think he was entitled to this.

The judgment is reversed, and a judgment entered here for $180.68, with interest from November 28, 1896, and costs of the circuit court.   The defendant will recover costs of this court.

The other Justices concurred.