CARR v. STENCEL.

1. CHATTEL MORTGAGES—PROCEEDS OF SALE—DISTRIBUTION—PREFERENCES—EQUITY.

Proceeds of auction sale of property held pursuant to chattel mortgage securing promissory notes *held,* distributable to payees ratably and without preference notwithstanding order in which notes were referred to in the chattel mortgage, priority of maturity of respective notes and fact that some of the property sold was consideration for part of the mortgage debt where mortgage was otherwise silent as to indications of preferential treatment and all payees were unsecured creditors at time it was given and there are no controlling equities to the contrary of such ratable payment.

2. SAME—ALTERATION BY PAROL TESTIMONY—PREFERENCES.

Chattel mortgage by which hitherto unsecured creditors were ratably secured may not be varied by parol testimony of alleged contemporaneous agreement giving priority to note payable to minors over that payable to bank, a written instrument embracing transaction between the parties not being subject to alteration by parol testimony.

Appeal from Ionia; Hawley (Royal A.), J. Submitted October 7, 1936. (Docket No. 38, Calendar No. 39,117.) Decided December 9, 1936.

Bill by Clair R. Carr, receiver of the Bank of Hubbardston, against John Stencel, William J. Barker, Robert Donald Barker and Harry J. Holbrook, as trustee and guardian of William J. Barker and Robert Donald Barker, minors, for an accounting and to establish priorities on disbursement of money received on a chattel mortgage sale. From

decree for defendants Barker and Holbrook, plaintiff appeals.   Modified.

*Brake, Davis & Miel,* for plaintiff.

*Watt & Colwell,* for defendants.

NORTH, C. J.   The receiver of the plaintiff bank filed this bill in equity to obtain an accounting and for a decree requiring payment of a note held by the bank against defendant Stencel.   The note in question was secured by a chattel mortgage.   It was given December 8, 1932, for $500 payable April 8, 1933.   On the same date another note for $1,600 due August 8, 1933, was given by Stencel to Harry J. Holbrook, trustee.   Payment of this note was secured by the same chattel mortgage.   Also on the same date a third note in the principal sum of $1,110, payment of which was secured by the chattel mortgage, was given to Harry J. Holbrook, trustee. However, in the opinion of the circuit judge it is stated that ''a third promissory note was also mentioned in said chattel mortgage, but nothing was claimed for it upon the hearing and it is not involved in this case.''   Counsel for the respective parties agree in their briefs that this third note is not in this controversy.   In his answer defendant Stencel denied liability upon the $1,110 note.   At the time these notes were given, Harry J. Holbrook was the president and manager of the bank of which plaintiff is receiver; and Mr. Holbrook was also at that time the representative of William J. Barker and Robert Donald Barker, minors, as trustee and guardian.   On the 20th day of April, 1933, the chattel-mortgaged property was sold at public auction. While this sale was advertised in the name of John

Stencel, still apparently by consent of all parties concerned the sale in fact was one conducted by Mr. Holbrook, who acted as clerk at the sale, paid out of the proceeds the disbursements incident to the sale, and retained in his possession the net proceeds amounting to $705.05.

The receiver of the plaintiff bank claims that the money derived from the sale of the chattel-mortgaged property should be applied first upon the note held by the bank; or at least that there should be a *pro rata* application of the proceeds of the chattel mortgage sale on the bank's note. On the other hand it is claimed on behalf of the defendants Barker and Holbrook that the net amount derived from the sale of the chattel mortgaged property should be applied upon the $1,600 note which they hold against Stencel. The circuit judge sustained this latter contention and entered decree accordingly. Plaintiff has appealed.

If we disregard certain oral testimony hereinafter noted we find no testimony in this record which tends to show that any one of the three items of indebtedness mentioned in the chattel mortgage was to be secured by a preferred or prior lien on the mortgaged property. Instead it is a fair inference from the mortgage itself that it was intended as equal security for payment of each of the three items of indebtedness. In fact at the outset of the mortgage the three items are grouped together in one total amount. We quote:

"Know all men by these presents, that John Stencel * * * party of the first part, being justly indebted unto the Bank of Hubbardston and Harry J. Holbrook as trustee, William J. Barker and Robert Donald Barker, minors and heirs of Donald H. Barker, parties of the second part, in the sum of

$3,210 has, for the purpose of securing the payment of said debt,'' given this chattel mortgage.

One of the three notes was payable to the bank, two were not. Under such circumstances, if the bank was to have a preference in the security there was all the more reason for expressly so providing. This was not done, and an inference arises that it was not intended. It is stressed by appellant that since in listing the three notes in the body of the chattel mortgage the bank's note is first mentioned, and since this note became due and payable before either of the other two notes, it should be held to indicate that the parties intended to create a lien or security for the bank's note that should be prior to that of the other two notes. We think the order of listing is not at all indicative of an intended priority. Some one of the three notes of necessity had to be first on the list; and further, priority of maturity dates is not sufficient to fix priority of lien.

''Where these several distinct payments are thus secured by one mortgage, no one of them has any preference over the rest in consequence of falling due sooner, but all have equal claims to be paid ratably out of the land.'' *Jennings* v. *Moore,* 83 Mich. 231 (21 Am. St. Rep. 601).

''The mere fact that complainant's note was the first to become due, will not, of itself, give it a preference over the other notes. It was so decided, and I think correctly, in *Donley* v. *Hays,* 17 Serg. & Rawle (Pa.) 400.'' *Cooper* v. *Ulmann,* Walk. Ch. (Mich.) 251.

''As between mortgagor and mortgagee, the mortgage, given to secure several notes, stands as security for the whole. And it may be regarded as settled in this State, in accordance with the weight

of authority in this country, that when the mort-
gagee assigns one of the notes to a third person by
an ordinary assignment, without any special provi-
sion upon the subject, the mortgage, in equity, will
stand as a security for all the notes, as well that
assigned as those retained by the mortgagee, and
that when all the notes are sold and transferred each
to a different person, the mortgage will still stand
as an equal security for all the notes *pro rata;* and
this in each case, without reference to the time they
respectively become due; unless, prior to the mak-
ing of some later assignment, the mortgagee has,
by some stipulation or arrangement with a prior
assignee or with some other person interested in
the land or the mortgage, given a preference to one
or more of the notes previously assigned." *English
v. Carney,* 25 Mich. 178.

On this phase of the law see, also, *Wilcox* v. *Allen,*
36 Mich. 160, and *Wales* v. *Gray,* 109 Mich. 346.

The trial judge seems to have concluded that the
equities of the case justified Mr. Holbrook in ap-
plying all of the $705.05 on the indebtedness of Sten-
cel to the minor defendants and none on the bank's
note. Mr. Holbrook was a trustee of these minors;
and some portion of the property sold at the auction
was bought by Stencel from the estate of the de-
ceased father of the two minors, and in part the
chattel mortgage debt was the consideration Stencel
agreed to pay for this same property. But this
property was purchased in February, 1929. The
chattel mortgage was not given until December,
1932. At that time both the bank and the minor
defendants were unsecured creditors of Stencel.
The respective claims were equally meritorious.
Mr. Holbrook, acting at the same time as president
and manager of the bank and as trustee for the

minors, took security which on its face afforded the same measure of protection to each of the parties for whom he was acting. In so doing he acted in accordance with his plain duty. We find no equities which justify other than a *pro rata* application of the $705.05. There being no controlling equities to the contrary, the amount derived from the sale of the chattel mortgaged property should be applied ratably on the bank's note and on the $1,600 note.

Over plaintiff's objection parol testimony was given in behalf of defendants Barker and Holbrook tending to show that at the time the chattel mortgage was given the parties agreed that their notes should be secured prior to the bank's note. The transaction between the parties was reduced to writing and evidenced by the chattel mortgage and the three notes. The terms of these written instruments could not be altered by parol testimony. The circuit judge correctly so held. *Anderson* v. *Engard*, 236 Mich. 221.

The decree entered in the circuit.court will be set aside and one entered in this court in accordance with the foregoing opinion. Appellant will have costs of both courts.

Fead, Wiest, Butzel, Bushnell, Sharpe and Toy, JJ., concurred. Potter, J., did not sit.