SISSON *v.* HIRONS.

1. MORTGAGES—PRIORITY OF NOTES—PRESUMPTIONS.
    Presumptively notes secured by a single mortgage are entitled to equal treatment.

2. EVIDENCE—PAROL EVIDENCE—PRIORITY OF NOTES SECURED BY MORTGAGE.
    Parol evidence is inadmissible to vary order of payment of notes secured by one mortgage when neither the notes nor mortgage make any reference to priorities.

Appeal from Lapeer; Cramton (Louis C.), J. Submitted October 14, 1936. (Docket No. 97, Calendar No. 39,192.) Decided December 28, 1936.

Bill by Burt G. Sisson against George Hirons, James Welch, Sherman Justin and John Curry to foreclose a mortgage. Cross-bill by defendant Hirons to establish priority of a note. From decree

for cross-plaintiff, plaintiff appeals.   Modified and affirmed.

*Herbert W. Smith,* for plaintiff.

*George W. DesJardins* and *John G. Libbers,* for defendant Hirons.

Butzel, J.   James A. Welch, a realtor, as owner of property at Potters lake, in Lapeer county, Michigan, which he wished to subdivide and market, entered into a written contract with Sherman Justin for dredging the land.   Justin was to receive $1,500 when the work was done, the payment to be secured by a mortgage on the subdivision, it being expected that the lots would be sold very rapidly and sums realized to pay the mortgage.   Justin agreed that Burt G. Sisson, plaintiff, should receive one-half of the contract price in consideration of his furnishing part of the necessary dredge and labor for the carrying out of the contract.   The record is somewhat indefinite as to the arrangements between Justin and defendant George Hirons whom Justin contacted in order to raise money.   Hirons claims that he agreed to finance one-half of the mortgage upon the understanding that he was to be paid first by the mortgagor.

The trial judge concluded from the meagre testimony that at the time the mortgage was given, the lots would be sold quickly and the mortgage, or at least one-half of it, would be thus paid off.   The discussions between Hirons and Justin took place prior to the execution of the mortgage.   Some four months later, after the dredging was begun, Justin and Hirons went to the office of Welch, the mortgagor, and the mortgage was then executed running to Hirons and securing two notes of $750 each, identical

in tenor, date and all other respects and both payable to Hirons. The mortgage and one $750 note were delivered to Hirons, Welch retaining the other or second note until the job was completed. A $50 payment later was made on the note delivered to Hirons. On completion of the dredging, Justin agreed that Sisson should receive for his share in the work the second note held by Welch. Accordingly, Welch delivered it to Sisson, after indorsement thereon of a credit of $50 claimed by Welch. When Sisson requested Hirons to indorse the note and join in foreclosure proceedings, the latter claimed no title to the note, but refused cooperation. Thereupon Sisson instituted foreclosure proceedings against Welch, including Hirons and Justin as defendants.

No objection was made to Sisson's title to the note or to his right to foreclose the mortgage held in trust by Hirons. The latter, however, claims that there was an oral understanding between himself and Justin, apparently acquiesced in by Welch, that Hirons was to receive his money first out of the proceeds of the foreclosure sale, and that he had advanced the $750 to finance the work and that the mortgage securing the two notes was drawn in his favor in order to assure him of being paid first. Plaintiff claims that his note is entitled to share in the proceeds equally with that held by Hirons.

The agreement claimed by Hirons was not reduced to writing when the notes and mortgage were executed. The trial court found that no actual notice of the claimed priority was given Sisson before or at the time he took the note from Welch. The record clearly indicates that the alleged oral agreement was discussed by Justin, Hirons and Welch prior to the execution of the mortgage and notes and

was reiterated at the time the instruments were drawn and there is no support for appellee's claim that this was a subsequent oral agreement.

The sole question for our determination is whether oral testimony of the alleged agreement as to priority in payment of Hirons' note is admissible in evidence. Presumptively notes secured by a single mortgage are entitled to equal treatment. *Cooper* v. *Ulmann,* Walk. Ch. (Mich.) 251; *Jennings* v. *Moore,* 83 Mich. 231 (21 Am. St. Rep. 601). The question of admissibility of oral testimony to vary the effect of the presumption was not specifically considered by the court in *Cooper* v. *Ulmann, supra,* relied upon by appellee. However, the correct rule is stated in *Carr* v. *Stencel, ante,* 182, where we held that parol evidence was not admissible to vary the order of payment of notes secured by one mortgage when neither the notes nor mortgage made any reference to priorities. See, also, *Jennings* v. *Moore, supra.* The judge in the instant case granted foreclosure, but he was in error in holding that Hirons' note was to be paid first out of the proceeds of the sale.

The decree will be modified so as to give Sisson and Hirons equal shares in the proceeds of the foreclosure sale. As the appeal is solely between Sisson, as appellant, and Hirons, as appellee, the former will recover costs against the latter.

North, C. J., and Fead, Wiest, Bushnell, Sharpe and Toy, JJ., concurred. Potter, J., did not sit.