FRED V. DALE, Respondent, v. JAMES J. DUFFY et al., Appellants.

(176 N. W. 97.)

**Appointing of receiver — cases in which receivers may be appointed.**

1. Under the provisions of § 7588, Comp. Laws 1913, a receiver may be appointed, among others, in an action between partners or others jointly owning or interested in property, on the application of the plaintiff, or of any party whose right to or interest in the property is probable, and when it is shown that the property is in danger of being lost, removed, or materially injured. Receivers may also be appointed in all other cases where receivers have heretofore been appointed by the usages of courts of equity.

**Appeal and error.**

2. An appeal from an order appointing a receiver is not triable anew in the supreme court.

**Receivers — appointment of.**

3. For reasons stated in the opinion the order appointing a receiver in this case is affirmed.

Opinion filed December 23, 1919.

Appeal from Ward County, *Leighton,* J. Defendants appeal from an order appointing a receiver.

44 N. D.—3.

Affirmed.

*F. F. Wyckoff,* for appellants.

*McGee & Goss,* for respondent.

"The appointment of a receiver *pendente lite* is a matter committed to the sound discretion of the judge before whom the proceeding is pending." Cameron v. Groveland Improv. Co. 20 Wash. 169, 72 Am. St. Rep. 26.

"The power to appoint a receiver in the settlement of the partnership affairs is inherent in the court, and not dependent upon any statute." Cox v. Voekert, 86 Mo. 511; McIntosh v. Perkins, 13 Mont. 143; 23 R. C. L. 4; Baughman v. Reed (Cal.) 7 Am. St. Rep. 170.

CHRISTIANSON, Ch. J. This is an appeal from an order appointing a receiver. It appears that on or about January, 1918, the plaintiff and the defendant Duffy entered into a contract whereby the defendant agreed to farm during the seasons of 1918 and 1919 certain lands which the plaintiff held under a lease. In connection with such farming operations a large tractor was obtained. This controversy involves the ownership of such tractor.

On this appeal, appellants have argued two questions: (1) That the evidence fails to show that the plaintiff has any interest in the tractor; and (2) that if he has such interest, he has an adequate remedy by means of an action for accounting, and by the enforcement by execution of any judgment he might obtain in such action.

We are entirely satisfied that upon the record before us we would not be justified in disturbing the order of the trial court upon either of the grounds. Under our statute "a receiver may be appointed by the court in which an action is pending, or by a judge thereof:

"1. In an action . . . between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff, or of any party whose right to or interest in the property or fund or the proceeds thereof is probable, and when it is shown that the property or fund is in danger of being lost, removed or materially injured.

"6. In all other cases where receivers have heretofore been appointed by the usages of courts of equity." Comp. Laws 1913, § 7588.

Upon the hearing of the application for the appointment of a receiver,

many affidavits were submitted upon the questions involved. The affidavits submitted by the plaintiff were to the effect, and tended to show, that he is the owner of a one-half interest in the tractor; that the relations between the parties in connection with which the tractor was purchased have terminated; that the present relations between the parties are rather strained; that the defendants are not financially responsible; that the tractor is in need of repairs, and continued use thereof by defendants will materially reduce its value; that the interest of the plaintiff in such tractor does not appear of record, and that such interest might be seriously affected by a sale or encumbrance of the tractor by the defendants. Plaintiff's claim that he is the owner of a one-half interest in the tractor is corroborated by the cashier of the bank from whom the tractor was purchased.

Appellants have asked for a trial *de novo* in this court. This is not a case properly triable anew here. The statute authorizing trials anew in this court applies to judgments only. Comp. Laws 1913, § 7846, This case has not been tried on its merits. No judgment has been entered. There has been merely an order appointing a receiver. The appeal before us is from that order. The question here is whether the plaintiff made a showing justifying the appointment of a receiver under our laws. We are of the opinion that the facts stated in the affidavits of the plaintiff bring the case within the statutory provisions above quoted. The trial court was vested with considerable discretion in determining the disputed questions of fact which arose, as well as whether the ends of justice required the appointment of a receiver.

We are agreed that it cannot be said upon the record before us that the court erred in appointing a receiver.

Order affirmed.

BRONSON, ROBINSON, and BIRDZELL, JJ., concur.

GRACE, J., concurs in the result.