DOLENGA v. LIPKA.

1. PARTNERSHIP—AGREEMENT ESTABLISHED BY EVIDENCE.
    The finding of the court below that a partnership agreement between plaintiff and defendant was entered into as claimed by plaintiff, *held*, justified by the evidence.

2. SAME — RECEIVER MAY BE APPOINTED IN CASE OF QUARRELING PARTNERS.
    The rule that a sole surviving partner holds title and right to possession of partnership assets, with authority to dispose of them, pay or compromise debts owing to or by the firm, and to so manage the business as to best turn its property into available and distributable assets, of which rights the court may not divest him by appointing a receiver, unless it be clearly shown that he was incapable, acted dishonestly, or did not use reasonable diligence, is not applicable to a case of quarreling partners, where one partner continues the business and refuses to recognize the rights of his copartner.

3. SAME—PARTNERSHIP AT WILL MAY BE DISSOLVED AT INSTANCE OF PARTNER.
    Partnerships at will may be dissolved at any time at the instance of a partner.

4. SAME—RECEIVERS—QUARRELING PARTNERS—APPOINTMENT OF RECEIVER WITHIN DISCRETION OF COURT.
    Where plaintiff furnished defendant with the money to buy the interest of two of his partners, with the agreement that the interest of the remaining partner should be secured by them and that plaintiff and defendant would then have an accounting and continue the business as equal partners, but instead defendant's father-in-law secured the interest of the remaining partner, with defendant's connivance, and defendant and his father-in-law continued the business, refusing to recognize plaintiff's rights therein, it was within the sound discretion of the trial judge, on petition of plaintiff, to appoint a receiver and conserve the subject-matter of the litigation; the inherent power of a court of equity to appoint a receiver not being restricted by the uniform partnership act (Act No. 72, Pub. Acts 1917).

Appeal from Wayne; Mandell (Henry A.), J. Submitted February 1, 1923.     (Docket No. 81.)     Decided October 1, 1923.

Bill by Marcell Dolenga against Mieczyslaw Lipka and another to establish a constructive trust, for the dissolution of a partnership, and for an accounting. From an order appointing a receiver, defendants appeal.  Affirmed.

*Fritz L. Radford,* for plaintiff.

*Edward R. Kehoe,* for cross-plaintiffs.

*Charles Bowles,* for defendants.

STEERE, J.   This suit is here on an appeal from an order of the Wayne county circuit court, in chancery, appointing a receiver "to take full and complete charge of the business and property of the Versailles Baking Company, with place of business at No. 5409 (old number 1129) Chene street, with the usual powers incident to the office of receiver," etc.

The Versailles Baking Company was organized as a partnership on November 1, 1919, with a stated capitalization of $6,000, the partners, with equal interest, being George Bergler, Stanislaw Grzelak, Mieczyslaw Lipka and Wladyslaw Marcinkowski, of Wayne county, Michigan.   Soon after the organization Marcinkowski by mutual consent of all the partners sold his one-quarter interest to Joseph Skoczen and does not figure in subsequent proceedings.   Amongst other things, the articles of copartnership provide for the conduct of a bakery business at the location described, which the partnership had acquired under a land contract at a purchase price of $19,000, that regular books shall be kept of the business with right of inspection by all partners, daily deposit of receipts in bank and payment of obligations

by check, an accounting every three months and debts paid, profits shown to be disposed of by distributing one-half to the partners as their interests may appear, one-half to remain in the treasury for use in said business as the majority may determine, that an outside party buying the interest of a member of the firm cannot become a copartner without consent of the remaining members, the concluding paragraph being as follows:

"Upon the final dissolution of the firm, by agreement or otherwise, the said business shall be wound up, the debts of the copartnership paid and the surplus divided amongst the copartners according to their interest therein."

The firm apparently started auspiciously and developed a good business which, however, was soon jeopardized by dissensions amongst its members which became so strenuous as to threaten its successful continuance. In this defendant Lipka was an active if not leading participant. Plaintiff, Dolenga, was engaged in the automobile business with his garage in that locality. He had done considerable repair work on the baking company's automobiles and was acquainted with members of the firm, especially with Lipka of whom he seems to have had a good opinion at that time. Finding that his bills were not always as promptly paid as he expected, he spoke to Lipka about it, who assured him they were doing a good business but could not then pay those claims because the enterprise was too much hampered by quarrels amongst the partners to be successful, and broached the subject of buying out the other members of the firm. Lipka testified these interviews were only with reference to Dolenga lending him money to buy out his partners, while Dolenga charged in his bill and testified at the hearing that Lipka showed him a statement from the

books of the firm showing it was doing a prosperous business and proposed that Dolenga furnish the money to obtain contracts or options from the others to sell their interests and after acquiring them they would have an accounting and each have a half interest in the business which they would continue as equal partners. They had several interviews on the subject, until Dolenga finally accepted the proposition and furnished Lipka money to secure the interests of Bergler and Grzelak from whom Lipka took assignments in his own name, explaining when Dolenga objected to his having done so that it was necessary to adopt that method on account of their articles of copartnership, promising to assign them to Dolenga, telling him he had arranged to secure the interest of Skoczen.

Their agreement for an equal partnership was entered into about March 20, 1920, as Dolenga claimed. On March 23, 1920, Lipka secured an agreement to sell from Bergler and Grzelak, but on April 27, 1920, Skoczen commenced a suit in chancery, entitled Skoczen *v.* Lipka, charging the latter with having appropriated to his own use while manager large sums of money from receipts of their business, refusing to come to an accounting as provided in their partnership agreement, and other misconduct, asking for dissolution of the copartnership, a receiver and an accounting. The court in that case appointed a receiver, about May 15, 1920, who took possession of the business from Lipka for the purpose of winding up its affairs. Dolenga thereupon, to save the business and with Lipka's knowledge and consent, made a verbal deal with Skoczen to secure his interest in the partnership when, as he alleges, Lipka "went behind plaintiff's back" and induced defendant Dombrowski, his father-in-law, to buy the interest of Skoczen. Lipka thereafter continued the business with his father-in-

law as a partner and denied that Dolenga ever had any interest in it. The amount of money actually furnished by Dolenga is in dispute but Lipka admits having received from him $1,500 which he contends, as before stated, was but a loan—on what security, at what rate of interest or for how long he does not state.

Plaintiff then filed this bill to impress a trust upon the interests of Bergler and Grzelak acquired by Lipka for him under their agreement of partnership, for a dissolution of said partnership, an accounting, and appointment of a receiver to wind up the business. After a full hearing upon the merits of the controversy the court delivered an oral finding "that the bargain as entered into between the plaintiff and defendant was as claimed by the plaintiff," reviewing the testimony and giving his reasons therefor.

Plaintiff's bill was filed June 22, 1920, followed by various dilatory and interlocutory proceedings, including substitution of counsel, covering some 50 pages of the record which need not be detailed, and the case came to hearing February 27, 1922. On April 12, 1922, the court made an order referring the cause to a circuit court commissioner of Wayne county to take an accounting—

"pursuant to the prayer in plaintiff's bill of complaint, of all of the dealings of the defendants with the affairs of the Versailles Baking Company, a partnership, and especially as to the condition of said business, its assets and liabilities, on or about March 23, 1920, when the defendant, Lipka, acquired in trust for the plaintiff an option upon the two one-quarter interests in the partnership of the defendants, George Bergler and Stanislaw Grzelak, pursuant to which the defendant, Lipka, acquired assignments of said interests in trust for the plaintiff, namely, that of George Bergler on April 12, 1920, and Stanislaw Grzelak on May 19, 1920;" etc.

This order was not appealed from, but when, on

May 4, 1922, the order appointing a receiver was made and entered, appeal from it was taken as stated.

The findings and reasons therefor by the court upon the merits of a case do not constitute a judgment, or decree, and there being no final decree they are for consideration here only to the question of whether in the interlocutory order of May 4th appointing a receiver there was an abuse of discretion. The order is, however, necessarily based on a finding by the court that a copartnership agreement was entered into between Lipka and plaintiff as the latter claims. Upon the affirmative of that issue plaintiff's testimony was supported by that of six other witnesses, opposed only by Lipka's testimony in denial. We find no occasion to question the conclusions of the court in that particular.

It is contended, however, in defendant's behalf that the court had no jurisdiction to appoint a receiver to take charge of the property of the copartnership and dispossess the remaining partner, Lipka, "who was the only partner to the proceeding originally a partner in the business, Lipka having at all times been the owner of a one-fourth interest therein." The record scarcely bears out the claim that he was the only partner to the proceedings originally a partner in the business. The abundant pleadings show that by plaintiff's amended bill, which was filed August 13, 1920, Bergler, Grzelak and Skoczen were made parties defendant; that Bergler and Grzelak appeared by their attorney, on October 29, 1920, and on the same date gave notice thereof to counsel for defendants Lipka and Dombrowski, requesting a copy of their answer, and then filed answers in the nature of cross-bills admitting or not denying and leaving to his proofs the allegations in plaintiff's bill, claimed the benefit of a cross-bill and asked as affirmative relief that a receiver be appointed to wind up the business and they be

paid out of the proceeds of a sale of the assets of the partnership money yet due them on sale of their interest.    Lipka and Dombrowski answered these cross-bills in denial as cross-defendants on November 19, 1920.    Skoczen is not shown to have appeared, and it is stated without contradiction in the brief of plaintiff's counsel that the bill was taken as confessed by him.    The court had before it all partners in the original copartnership and all parties ever having or claiming an interest in its assets.

While the assets and business of the original partnership are the important subject-matter of this litigation, this suit is based on a later partnership agreement entered into between Lipka and Dolenga to acquire the interests of Lipka's three partners and as a new partnership take over the assets of the old firm, have an accounting and as equal partners continue the business.    Pursuant to that agreement and with money advanced by Dolenga, Lipka secured a half interest in the business from two of his partners, which he took in his own name but promised to assign to Dolenga with assurances that he had arranged to secure the remaining quarter interest from Skoczen; but instead he so conducted the affairs of the original copartnership as to get into litigation with Skoczen on the strength of whose charges against him a receiver was appointed by the court to take charge of the business.    Lipka then appealed to Dolenga to help him out, saying, as the latter testified: "I absolutely can't do anything with him (Skoczen).    *    *    *    Help me, because if they close up the bakery we will lose our money."    He had employed no attorney, and after talking it over Dolenga went with him to an attorney whom Dolenga paid a retainer to look after the matter and exerted himself for an adjustment, making an oral bargain with Skoczen to exchange with him some real estate for his interest, but, unknown to Dolenga,

Lipka, or his father-in-law, bought Skoczen's interest without Dolenga's knowledge. They then obtained discharge of the receiver and Lipka continued the business, claiming his father-in-law was a partner, and refusing to recognize Dolenga in the transaction.

Counsel for defendants appeals to the general rule that a sole surviving partner holds title and right to possession of partnership assets, with authority to dispose of them, pay or compromise debts owing to or by the firm and to so manage the business as to best turn its property into available and distributable assets, of which rights the court cannot divest him by appointing a receiver, unless it be clearly shown that he was incapable, acted dishonestly, or did not use reasonable diligence. To apply that rule in this case is to ignore plaintiff's claim of a separate subsequent partnership between him and Lipka, and findings by the court on which the order of receivership is based. The inapplicability of the rule to conditions shown in the instant case appears in *Barry* v. *Briggs,* 22 Mich. 201, cited as a leading case in defendants' brief, where, while recognizing the general rule, the court said:

"As between quarreling partners the interference is one of absolute necessity to preserve and manage the fund for any purpose. * * * Whether even in partnership cases and tenancies in common there may not be cases where an appeal will lie from the appointment of a receiver, may be a question to consider, where there is occasion for it."

Here we have a case of quarreling partners in both the old firm and the later one entered into between Lipka and Dolenga to take over its assets. Both were partnerships at will. Such partnerships may be dissolved at any time at the instance of a partner.

It appears to be conceded in the briefs of counsel upon both sides that the original partnership was dissolved, Lipka being the only one of the original

partners retaining an interest·in it.   We find him in possession of the business and assets of that partnership and continuing the business, not for the purpose of winding up its affairs but to continue the same, claiming to be in association with his father-in-law, Dombrowski, as a new firm.   Dombrowski was not a witness in the case.   So far as shown he has taken no part in the controversy, beyond his name appearing in the pleadings with that of Lipka.

We find nothing in the provisions of the uniform partnership act (Act No. 72, Pub. Acts 1917 [Comp. Laws Supp. 1922, § 7966 (1-44)]), cited by counsel, restricting the inherent powers recognized as existing in a court of equity to, on proper showing, appoint a receiver between disagreeing partners.

High on Receivers (4th Ed.), § 472. states the general rule as follows:

"The appointment of receivers in actions between partners for an accounting and a settlement of their partnership affairs, to take charge of the assets, collect the debts and wind up the business of the firm, is a legitimate exercise of the jurisdiction of courts of equity, and one which is clearly sustained by the authorities.   And the power of thus appointing a receiver in an action for the dissolution of a partnership and the settlement of the firm business, is regarded as essential to the object sought by such suit, and falls within that class of incidental powers which the courts  having jurisdiction over such cases have full authority to exercise. * * * The probability of a decree for a dissolution, is still recognized as a controlling element in determining whether a receiver shall be appointed."

"The fact that a partner's conduct has been such as to destroy the mutual confidence which ought to subsist between partners, is an important element influencing the court in granting relief by an injunction and a receiver." *Id.* § 484.

"Where a bill is filed seeking a dissolution of a partnership, and it satisfactorily appears that the com-

plainant will be entitled to a decree for dissolution, a receiver may, as a rule, be appointed." 20 R. C. L., "Partnership," § 188, p. 962.

"It is largely within the discretion of the court as to whether a receiver will be appointed in partnership matters. * * * If the partnership has been dissolved, the rule is not applied so strictly, and a receiver will be appointed upon a smaller showing." Rowley, Modern Law of Partnership, § 789, pp. 1092, 1094.

"In case, however, the action is brought because of defendant's fraudulent conduct as a partner, or because of his wrongful exclusion of plaintiff from the firm, and it is apparent that a dissolution must be ultimately decreed, a court of equity will not hesitate to appoint a receiver." 30 Cyc. p. 474.

Under the facts disclosed by this record it was fairly within the sound discretion of the trial judge to appoint a receiver and conserve the subject-matter of this litigation in the hands of an impartial officer of court until the rights of the parties could be finally adjudicated.

The order appealed from will stand affirmed, with costs to plaintiff.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, and MOORE, JJ., concurred.