The plaintiffs and defendants are copartners operating a clothing store in Crosby, North Dakota, under the name of Crosby Clothing Company. Plaintiffs brought this action to dissolve the partnership. After the commencement of the action, plaintiffs applied to the district court for the appointment of a receiver. The application was granted and a receiver appointed. Thereafter defendants, pursuant to notice, moved the court that the order appointing the receiver be vacated and set aside. The defendants also demurred to the complaint on the ground that the same does not state facts sufficient to constitute a cause of action. The motion to vacate the order appointing *Page 629 
a receiver and the demurrer came on for argument at the same time and place. The trial court, after full hearing and due consideration, entered orders overruling the demurrer and denying the application to vacate the order appointing a receiver. The defendants have appealed from both orders.
(1). The first question to be considered is the sufficiency of the complaint. The complaint alleges that the plaintiffs and the defendants in April, 1924 formed a copartnership "to continue during the will of said partners, upon the understanding and agreement that A. Ingwalson and C.C. Peterson should each contribute one third of the assets and funds necessary to commence and conduct said business and that Theo. Ostroot and R.L. Aney, the defendants, should jointly contribute the other one-third interest and that each should own an interest in the business according to their respective contributions." The complaint further alleges that it was further understood and agreed that the defendant Ostroot "should be employed and act as manager of said store at a salary of $150 per month and should continue in that capacity as long as he could conduct said store at a profit and in a manner acceptable to said partnership." That, in pursuance of said agreement, said partnership was formed and contributions made as therein provided, except that the defendant Ostroot paid only $600 out of an agreed contribution of $2,335.55, and that the difference was contributed jointly by the two plaintiffs and that as a result the interest of each of said plaintiffs in the assets of said partnership amounts to one third plus the sum of $967.77. The complaint further alleges that the business was conducted by said Ostroot in an inefficient and incompetent manner and at a considerable financial loss to the partnership; that said Ostroot has at various times wilfully and knowingly misled the plaintiffs as to the true financial condition and worth of the business and has failed to disclose certain liabilities then in existence. It is further alleged that on or about February 7, 1926, the plaintiffs and defendants entered into an oral agreement to the effect that the plaintiffs should purchase all interest of the defendants in the partnership property at a certain definite and agreed percentage of the inventory value of the stock and merchandise after making certain agreed deductions and that it was further agreed that said partnership should be in all things dissolved and discontinued and that said defendant *Page 630 
Ostroot should at once cease to act as manager of the store; that in pursuance of such agreement and for the purpose of carrying the same out, a complete inventory was made but that the agreement was not carried out because the defendants breached the same and refused to carry the same into effect. It is further alleged that the partnership assets are of the approximate value of $18,000 and that its liabilities amount in the aggregate to $8,500. The prayer for relief is that the partnership be dissolved and an accounting had between the partners; that a receiver be appointed, the property of the firm sold, the liabilities paid and the surplus divided among the respective partners.
In our opinion the complaint states a cause of action for a dissolution of the partnership. Our statute (Comp. Laws 1913) provides:
"Section 6414. If no term is prescribed by agreement for its duration, a general partnership continues until dissolved by a partner or by operation of law.
"Sec. 6415. A general partnership is dissolved as to all the partners:
"1. By lapse of time prescribed by agreement for its duration.
"2. By the express will of any partner if there is no such agreement. . . .
"Sec. 6417. A general partner is entitled to a judgment of dissolution: . . .
"2. When another partner fails to perform his duties under the agreement of partnership or is guilty of serious misconduct; or,
"3. When the business of the partnership can be carried on only at a permanent loss."
The partnership involved here is a general one. No term was prescribed for its duration. According to the allegations of the complaint, the agreement between the partners was that the partnership should "continue during the will of said partners." The complaint shows that dissension has arisen among the partners; that the business is carried on at a loss and that it is the desire of the plaintiffs that the partnership be dissolved. In other words, as we construe the complaint, it shows that there is a bona fide desire and intention on the part of the plaintiffs to dissolve the partnership and that notice of such desire and intention has been communicated to the defendants. And this action has been instituted for the purpose of carrying into effect the plaintiff's desire to have the partnership dissolved. This is clearly sufficient to *Page 631 
constitute a cause of action for a dissolution of the partnership. Section 6416, supra. See also 1 Rowley, Partn., § 573; 20 R.C.L. pp. 953, 954; Dolenga v. Lipka, 224 Mich. 276, 195 N.W. 90; Stitt v. Rat Portage Lumber Co. 98 Minn. 52, 107 N.W. 824.
(2) We are also satisfied that the order denying defendants' motion to vacate the order appointing a receiver must be affirmed. In this case the receiver was appointed upon an ex parte application. The application was based upon the verified complaint and an affidavit of one of the plaintiffs. The defendants' motion to vacate the order of appointment came on to be heard pursuant to notice. Upon the hearing of such motion affidavits were submitted by both sides. In the affidavit of one of the plaintiffs it is said "that in 1925 said store began to go behind financially and lost during the said year approximately $1,045.93; that in addition thereto said Ostroot had on hand at the end of said year certain unpaid book accounts of over $2,000 at least half of which were uncollectible and worthless and the balance of which were of doubtful value; that the loss on said book accounts will increase the loss of said store at least $1,000 more, thus making a net loss of over $2,000. That in addition thereto no dividends have been earned by said store during the entire time that said Ostroot has been in charge thereof; that said store under good management has always heretofore returned 10 per cent on the investment and should pay at least 6 per cent. A dividend of 6 per cent on the amount invested would amount to approximately $1,200. Thus, said store had a net loss of over $2,000 in 1925 and failed to earn interest on the investment during the entire time; that the stock now on hand is not as good and clean a stock as when defendant took charge; in fact the stock is in a run down condition and is not worth 70 cents on the dollar."
The district court may appoint a receiver "in an action . . . between partners . . . on the application of the plaintiff or of any party whose right to or interest in the property or fund or the proceeds thereof is probable, and when it is shown that the property or fund is in danger of being lost, removed or materially injured." Comp. Laws 1913, § 7588. Whether in any given case a situation exists which justifies or requires the appointment of a receiver is one addressed to the sound legal discretion of the district court, and its *Page 632 
order will not be disturbed on appeal unless clearly wrong. 2 Tardy's Smith, Receivers, 2d ed. p. 1954. The same rule applies to orders made by the trial court on applications to vacate an order appointing a receiver. "Orders of that character," said this court in Hoffman v. Bank of Minot, 4 N.D. 473, 61 N.W. 1031, "are so peculiarly in the discretion of the trial court that it is only in exceptional cases and where abuse of discretion is unquestionably shown that this court would interfere with an order made by a trial judge." See also Dale v. Duffy, 44 N.D. 33, 176 N.W. 97. In this case no abuse of judicial discretion appears.
(3) The appellants lay stress on the fact that the receiver was appointed upon an ex parte application and urge that in any event it was error to grant such application. While ordinarily a receiver should not be appointed upon an ex parte application, in cases of imperative necessity such appointment may be made, and the right to make such appointment is expressly recognized by our statute. Comp. Laws 1913, § 7589. See also Grandin v. La Bar,2 N.D. 206, 50 N.W. 151. Whether necessity existed for an ex parte appointment in this case, we need not determine, for here the defendants, after notice, moved the court to vacate the order of appointment and upon such application the trial court heard and considered all phases of the question as to whether a receiver should or should not be appointed. The defendants were given full opportunity to present their side of the question and the trial court, after full hearing and due consideration, determined that a receiver should be appointed and made an order continuing in force the ex parte order formerly made. Hence, the error, if any, in appointing the receiver ex parte was rendered harmless. 23 R.C.L. p. 40, § 39; 2 Tardy's Smith, Receivers, 2d ed. p. 1981. See also Sherman v. Wichner, 35 S.D. 436, 152 N.W. 702.
It follows from what has been said that the order overruling the demurrer and the order denying the defendants' application to vacate the order appointing a receiver must both be affirmed. It is so ordered.
NUESSLE, BIRDZELL, and BURKE, JJ., and BERRY, Dist. J., concur.
JOHNSON, J., did not participate; BERRY, Dist. J., sitting in his stead. *Page 633