ULMAN *v.* ULMAN.

148    353
153    519

1. DIVORCE—ALIMONY—LIEN—FORECLOSURE—VENUE.
    Where a decree for alimony provides that it shall be a lien on real estate situated in a county other than that in which the suit is pending, suit to foreclose the lien may be maintained in the county in which the land lies. Section 515, 1 Comp. Laws.

2. SAME — FINALITY OF DECREE — ENFORCEABILITY IN OTHER FORUM.
    Section 8641, 3 Comp. Laws, giving to the court which renders a decree for alimony power to modify it, does not thereby destroy its character as a final decree enforceable in any other forum, since by proper proceedings effect may be given to any modification.

3. SAME—INSTALLMENTS — DEFAULT IN PAYMENT — WHEN FORE-CLOSURE MAY BE BEGUN.
    Proceedings to foreclose the lien of a decree for alimony payable in installments may be begun whenever an installment is due and unpaid without waiting until the whole is due.

Appeal from Oceana; Perkins, J., presiding. Submitted February 19, 1907. (Docket No. 78.) Decided May 18, 1907.

Bill by Sarah Ulman against Francis J. Ulman and Harry Woolner to enforce a lien for the payment of alimony. From an order overruling a demurrer, defendants appeal.. Affirmed.

*Nims, Hoyt, Erwin & Vanderwerp*, for complainant.

*Cross, Lovelace & Ross*, for defendants.

McALVAY, C. J. Complainant on April 24, 1905, obtained a decree of divorce from defendant Francis J. Ulman in the circuit court for the county of Muskegon, in chancery, and in said decree was granted for permanent
148 MICH.—23.

alimony the sum of $500, together with her costs of suit to be taxed, the alimony by the terms of the decree being made payable with interest at 5 per cent. per annum, payable semi-annually, in installments of $50 each, on or before certain dates, from July 1, 1905, to June 1, 1909, the costs to be paid on or before July 1, 1905. The decree also provided that the amount so decreed for alimony, interest, and costs should be secured by and constitute a lien upon certain real estate of defendant situated in the county of Oceana. In case of default in the payment of said several sums of money, the decree provided for the sale of the premises, as provided by statute in such cases. Default having been made in the payment of certain of the installments of alimony, together with interest and costs of suit, complainant filed her bill in the circuit court for Oceana county in chancery to foreclose her said lien for the amount then due.

To this bill of complaint defendants demurred on the ground that the circuit court of Oceana county had no jurisdiction to entertain the same, and attached the decree as a part of their demurrer. Defendants rely upon the following propositions:

1. The circuit court for the county of Oceana in chancery has no jurisdiction to entertain the case, for the reason that the circuit court for the county of Muskegon in chancery has sole and exclusive jurisdiction of the enforcement of the lien, and any proceedings appropriate therefor must be brought in that court and not elsewhere.

2. No authority exists in law or equity for the enforcement of the lien against the real estate described in the bill, until after the several amounts mentioned in the decree, and aggregating the sum of $500 have become due and payable, the last of which said payments will not become due and payable until June 1, 1909.

The demurrer was argued before Hon. Willis B. Perkins, circuit judge, presiding, and an order entered overruling it. From this order defendants have appealed to this court.

Complainant relies upon the following statutory provis-

ions which operate to make this lien similar to a mortgage and determine the forum in which foreclosure shall be instituted:

*First.* " In all cases where alimony   *   *   *   shall be decreed to the wife, the amount thereof shall constitute a lien upon such of the real and personal estate of the husband as the court by its decree shall direct, and in default of payment of the amount so decreed, the court may decree the sale of the property against which such lien is decreed, in the same manner and upon like notice as in suits for the foreclosure of mortgage liens." Section 8640, 3 Comp. Laws.

*Second.* " All bills for the foreclosure or satisfaction of mortgages shall be filed in the circuit court in chancery of the county where the mortgaged premises, or any part thereof, are situated." Section 515, 1 Comp. Laws.

See, also, section 434, 1 Comp. Laws.

Authorities are abundant which hold that such a decree, for a fixed sum, is a judgment of record, and will be received by other courts as such. And such a decree rendered in any State of the United States will be carried into judgment in any other State. *Lynde* v. *Lynde*, 162 N. Y. 405 (48 L. R. A. 679), affirmed 181 U. S. 183; *Barber* v. *Barber*, 21 How. (U. S.) 582. The question to be determined is whether the legislative intent by this statute was to require the liens created to be foreclosed in a county other than the one where the real estate was situated.

The legislature evidently had in view an independent proceeding in chancery to foreclose these liens. The statute was also enacted with knowledge of section 515 above quoted. It will be presumed that the legislature intended by providing as it did for the foreclosure of these liens to bring them within all of the provisions of the statute providing for the foreclosure of mortgages in courts of chancery, of which statute section 515 is the first section. Such a construction is reasonable and necessary. No possible confusion can arise under it, nor any conflict of jurisdiction between the courts of different

counties. The county where the land is situated is the only place where any valid record of the lien sought to be enforced can be found, and the only place where a deed of a sale made to enforce the lien can be recorded. Such a construction can in no way work to the injury of the person against whom the decree was rendered.

It is urged that the statute (section 8641, 3 Comp. Laws) gives to the court which renders the decree creating the lien power to modify its decree, and thereby destroys its character as a final decree enforceable in any other forum. We do not agree with this contention. By proper proceedings in the foreclosure case effect could be given to any modification made in the decree, and, if made before suit was instituted, it could be set up by way of defense. *Trowbridge* v. *Spinning*, 23 Wash. 48 (54 L. R. A. 204).

It is objected that the foreclosure proceedings by the terms of the decree cannot be brought until the last payment of alimony becomes due, that the right of sale is contingent upon "default in the payment of said several sums of money," and that this is further indicated by the provision that, in case of sale to any person other than complainant, she is required, within 15 days, to quitclaim to such purchaser, and in default thereof the decree to stand as such conveyance by her. This decree must be construed as a whole. These liens being by statute made enforceable the same as mortgages, the same construction will be given to them as is given to similar provisions in mortgages. The weight of authority is in support of the proposition that a mortgage may be enforced when the first installment of the mortgage debt is due and is not paid, unless the mortgage by its terms expressly or by implication precludes the exercise of this right. 9 Enc. Pl. & Pr. p. 232, and notes.

This court in a case where a bill for foreclosure was filed for interest in arrears before any of the notes secured by the mortgage were due held that the bill was not prematurely filed. *Dederick* v. *Barber*, 44 Mich. 19. This court has also held that each installment must be taken

and deemed a separate mortgage. *McCurdy* v. *Clark*, 27 Mich. 445; *Jennings* v. *Moore*, 83 Mich. 235. The sale for the installments due would satisfy the lien only to that amount, and such sale would be made subject to the lien of payments to become due. We can see no inconsistency in holding that the quitclaim could be made of complainant's interest to the extent of the payments for which the property had been sold, retaining her lien for the balance. To hold this proceeding premature would be contrary to the weight of authority in cases of foreclosure of mortgages, and most inequitable to the complainant, and would defeat the benefits the statute intended to confer.

The order overruling the demurrer is affirmed, with costs to complainant, and the cause is remanded. Defendants will be allowed to answer the bill of complaint within the time provided by rule.

CARPENTER, OSTRANDER, HOOKER, and MOORE, JJ., concurred.