[File No. 6989]

MYRTLE C. WELDY, Appellant, v. W. E. WELDY,
Respondent.

(20 NW2d 583)

Opinion filed Nov. 16, 1945

*Hyland & Foster,* for appellant.
*Scott Cameron,* for respondent.

BURR, J. In the complaint plaintiff alleges: that on June 25, 1922 a summons and complaint were served personally upon

the defendant in an action brought by the plaintiff in the superior court of Stanislaus county, California, to secure a judgment for divorce and for support and maintenance of the plaintiff and their minor children; that this court is a court of record and of general jurisdiction; that upon the hearing the court "duly rendered and made a judgment in favor of the plaintiff—adjudging and decreeing that the marriage between plaintiff—and the defendant—be dissolved—and it was further adjudged and decreed that the Defendant—pay the Plaintiff the sum of One Hundred ($100.00) Dollars per month for the support and maintenance of the plaintiff and her four minor children . . ." to be paid monthly "until the further order of the Court;" that the only modification of the judgment for alimony and maintenance was permission given to the defendant to make payment semi-monthly at his option; that the defendant complied with the order for several years; but has failed and refused to make any payments due on or after April 4, 1932, and there is due her under the decree of the court the sum of $11,725.00.

Part of the monthly payments to be paid was for the support of the children all of whom are now of age. But we are not now concerned with this or several other allegations which may be controverted, as the complaint, on its face, shows that a substantial part of the sum demanded is accrued alimony and unpaid.

The defendant demurred, alleging the complaint did not state facts sufficient to constitute a cause of action. From the order sustaining the demurrer the plaintiff appeals.

Much is said about the duty of this court to give full faith and credit to the California decree and judgment under the provisions of Art. 4, § 1, of the United States Constitution which provides:

"Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. And the congress may by general laws prescribe the manner in which such acts, records, and proceedings shall be proved, and the effect thereof."

The defendant argues strenuously that this requirement applies to a final judgment only; that this claim for accrued alimony is based on a judgment and a decree of divorce over which the superior court of California has continuing jurisdiction to modify and change the provisions dealing with the payment of money for alimony and maintenance, and therefore the judgment is not a final judgment.

There is nothing in the complaint which specifically sets out this continuing jurisdiction; but assuming the law of California is the same as that of this state, we consider this feature in passing on the demurrer.

There is no allegation showing the claim for accrued alimony was reduced to judgment in California. This is not an action on such a judgment. It is an action to have the judgment of the California court established here and to have judgment for the accrued alimony in accordance with the provisions of the California judgment and to be enforced here.

Defendant questions the extent of the full faith and credit which this court must give to the decrees and judgments of the courts of California. This federal constitutional provision is the minimum requirement; but a state may widen the scope if it sees fit. Our statute provides: that,

"Copies of . . . judicial proceedings of any court . . . of any state of the United States shall be admissible as evidence in this state when attested by the clerk, with the seal of the court annexed, if there is a seal, . . . and the said records and judicial proceedings so authenticated shall have such faith and credit given them in every court within this state as they have by law or usage in the courts of . . . the state . . . from which they are taken." Rev Code, § 31–0902.

Thus the faith and credit to be given to the judicial records of California do not rest alone on the Federal Constitution.

The real issue of finality is centered upon whether, because these payments are due and unpaid, the plaintiff has such a vested interest in them, or in a portion of them, so that she may recover a judgment in this state on each item as it becomes due

or on the aggregate debt, the defendant being a resident of this state.

The construction which the California courts give to such a matter, with reference to its own judgments and as applied by these courts with reference to similar judgments from other states, is enlightening. In Keck v. Keck, 219 Cal 316, 26 P2d 300, the Supreme Court holds that a "decree for alimony in divorce action may be modified as to future installments to become due, but as to accrued installments, it is final." See also Cummings v. Cummings, 97 Cal App 144, 275 P 245; Shields v. Superior Ct. 138 Cal App 151, 31 P2d 1045; Barns v. Barns, 9 Cal App2d 427, 50 P 2d 463; Lisenbee v. Lisenbee, 42 Cal App 567, 183 P 862, 864; Hale v. Hale, 6 Cal App2d 661, 45 P2d 246.

In Van Cleave v. Bucher, 79 Cal 600, 21 P. 954, the status of such a provision for alimony was under consideration. The husband had been ordered to make payments and was in arrears. The wife had execution issued so as to levy upon the property of the husband. The sheriff levied upon property of the husband and the husband brought action for damages. The levy was made under law permitting execution to enforce order for payment of money. Defendant urged "that the writ was void, because issued under an order incident to a decree of divorce before he had been given opportunity to show cause why he had not obeyed the order of the court." The court said, "We fail to see any force in that contention." Where there were arrears an execution could be levied without leave of the court.

The rule which California applies to its own judgments it applies to the judgments for alimony as entered by the courts of other states.

In Cummings v. Cummings, 97 Cal App 144, 275 P 245, the court had under consideration an action commenced to recover on a judgment of a court in New York, wherein that court had granted plaintiff alimony. It was alleged in the pleadings in the California action that this provision for alimony required the defendant to make the payments, "but only so long as the decree of the sister state remained unmodified." It was con-

tended therefore that the complaint in the California case did not state facts sufficient to constitute a cause of action, because it did not show the New York decree was not subject to modification. The California court however said, (p 147)

"Such an allegation is not necessary. A judgment for alimony is not subject to modification as to sums already accrued and past due. This is the law of California and New York. (Citing cases.) Plaintiff's complaint shows that she had a vested right in past due payments of alimony."

In Bruton v. Tearle, 117 Cal App 696, 4 P2d 623, the California court holds: that where a New York court entered judgment for divorce and alimony, and there were accrued and unpaid installments of alimony under the judgment, the judgment of the New York court was a final judgment within the full faith and credit clause of the United States Constitution, and that the New York court "cannot annul or modify its alimony order as to accrued and unpaid installments, which represent vested right enforcible like any final judgment as respects the effect in another state." It stated such power to modify did not "carry jurisdiction to deprive one of that portion of such award which was due and payable, but that as to such portion, a vested right was created which might be enforced the same as any final judgment."

The New York court had on two different occasions modified the judgment as to alimony. The wife commenced an action in California against the husband to recover the amount accrued and unpaid, which action was continued by the administrator of her estate. This amount that was due and unpaid had not been reduced to a final judgment in New York; but the wife desired such judgment established in California just as in the case at bar the plaintiff seeks to recover accrued and unpaid alimony granted her by the California court.

This Bruton v. Tearle controversy aforementioned was before the California court again (Cal App) 51 P2d 1169, and the court held that such a judgment for the accrued and unpaid alimony is an "ordinary money judgment."

The case of Bruton v. Tearle (Cal) supra, was before the

Supreme Court of California at a later date. In 7 Cal2d 48, 55, 59 P2d 953, 956, 106 ALR 580, the Supreme Court of California holds with the principle laid down in Creager v. Superior Ct. (later referred to) though enlarging the implication as to the form of the judgment, and holds that where a judgment for alimony due the plaintiff under a decree of a sister state was in fact an alimony judgment, yet in form a money judgment, the judgment obtained thereon in California was in fact an alimony judgment and hence was enforcible to the same extent and by the same legal methods which are applicable to a judgment originally rendered in California and which makes provision for alimony payments.

In Creager v. Superior Ct. 126 Cal App 280, 14 P2d 552, the court had before it the provisions of a decree granted in Nevada wherein the plaintiff was given alimony in the sum of $30.00 per month. No separate money judgment was entered in Nevada. The action was brought to enforce the provisions of this decree and the plaintiff "set forth the decree of the Nevada court, and alleged that no appeal had been taken and that the decree had not been modified." In the prayer the complaint asked among other things, "that the unpaid amount be adjudged due and owing from defendant to plaintiff." The California court entered judgment by default and made the Nevada judgment its judgment under the full faith and credit provision of the Federal Constitution. Thereafter proceedings were commenced in California against the defendant to show cause "why he should not be adjudged guilty of contempt of court for failure to pay alimony." In his defense on this order to show cause defendant proceeded "to question the validity of the judgment upon the ground that the Nevada decree upon which it was based was not a final judgment within the protection of the full faith and credit clause of the Federal Constitution . . . , but a judgment for continuing monthly payments of alimony subject to the further order of the Nevada court." The court points out that the defendant was, after all, insisting that the California court was giving "too much faith and credit" to the judgment of the sister state, citing Cummings v. Cummings, 97

Cal App 144, 275 P 245, supra. It will be noted that defendant defaulted in the action to establish the judgment of the Nevada court. The appellant court held that the trial court properly treated the Nevada judgment as the judgment of the California lower court, which was entered by default, and therefore the defendant could be held in contempt of court for not complying with the provisions requiring the payment of alimony which provisions became now provisions of a California judgment.

We cite these cases to show the holdings of the California courts in regard to their own judgments as to the status of alimony payments in arrears and the effect of a judgment therefor in other states. Clearly in California the courts have no power to modify the judgment in so far as it affects alimony in arrears. The California judgment is final as to these amounts and not subject to modification therefor.

The same rule is followed in other jurisdictions. In German v. German, 122 Conn 155, 188 A 429, the court had under consideration an action for "the enforcement of the alimony provisions of a New York divorce decree." The plaintiff sued in Connecticut to enforce these provisions praying "that the decree of the Supreme Court of New York be made the judgment and decree of the superior court" of Connecticut and also "that the defendant be required to pay the plaintiff the amount . . . in arrears and further to pay the weekly sums decreed," and which were due as shown by the allegation of the complaint. The defendant demurred on the ground, in substance,

"that no judgment might be entered in the case other than an ordinary judgment at law for the amount of the alimony in arrears, and further, that the judgment in New York might be altered, modified or annulled by its courts and therefore was not entitled to enforcement in the courts of this state."

The Connecticut court held the plaintiff had two remedies in Connecticut and as the same court in Connecticut could administer both equitable and legal rights the plaintiff could maintain an equitable action. The plain import of the opinion is that the plaintiff had the option of bringing equitable proceedings or could have, as the defendant insisted, "an ordinary judgment

at law" for the amount of the alimony in arrears. The court stated however:

"The New York decree for alimony could not be enforced by Connecticut courts *as regards payments falling due in future,* in view of New York rule that alimony decree could be modified as regards payments falling due in future."

In Livingston v. Livingston, 173 NY 377, 66 NE 123, 61 LRA 800, 93 Am St Rep 600, the court says:

"Where defendant in divorce is adjudged to pay a certain sum annually for plaintiff's support and that of her children, it creates substantial rights, which constitute property of the plaintiff, of which she cannot be deprived without due process of law."

See also Sammis v. Medbury, 14 RI 214, and Sampson v. Sampson, 16 RI 456, 16 A 711, 3 LRA 349, where the court upholds recovery of accrued alimony where the decree for alimony, though for monthly payments contains no reservation of power and says in such connection its judgment is final after expiration of time within which a new trial may be granted.

See also Mayer v. Mayer, 154 Mich 386, 117 NW 890, 19 LRA (NS) 245, 129 Am St Rep 477, where the court says:

"A decree for alimony in a divorce a vinculo, made without reserve, though payable in installments, is final and cannot be modified after enrollment of the decree, in the absence of statutory authority or a reservation of power in the decree itself."

The court upheld the judgment of the lower court on an Oklahoma decree for installments in arrears for the support of the wife, saying: "We think the decree for the arrears due the wife is within the authority of the court, and should be affirmed." (P 892.)

But the court differentiated between the arrears due the wife personally and arrears due to her for maintenance of minors. It affirmed the first, saying, "We think the decree for arrears due the wife is within the authority of the court (the trial court in Michigan) and should be affirmed." This was on the theory that the award for the children's support was subject to modification under the Oklahoma statutes and therefore an action

for such alimony would not lie in Michigan. Other courts made a distinction between arrears in alimony and allowances for maintenance for minors based on local law. See Rowe v. Rowe, 76 Or 491, 149 P 533.

In Shibley v. Shibley, 181 Wash 166, 42 P2d 446, 97 ALR 1191, the Washington court had before it a judgment and decree of separate maintenance entered in the courts of California. The defendant was required "to pay the plaintiff $500 per month for the maintenance of the plaintiff and the minor children of the plaintiff and the defendant." This judgment had been modified by the court of California upon stipulation, and the amount of monthly payments was reduced to $400. In the action in the state of Washington the wife set up this California judgment and modified decree and showed arrears of alimony thereunder. She demanded "judgment for the amount already due and owing under the modified decree," and also prayed "that the judgment of the California court be established . . . as a foreign judgment to be enforced in equity by contempt proceedings if necessary . . . ." The trial court dismissed the action but this order of dismissal was reversed and the Supreme Court holds in effect that the California court could not, without the consent of the parties as to past due installments, modify the judgment requiring the payment of such alimony, and that the judgment is a final decree so as to entitle it to enforcement by courts of another state. The Washington court shows that "as to installments of alimony 'the rights and liabilities of the parties become absolute and fixed at the time provided in the decree for their payment, and to this extent the judgment is a final one.'" Citing Phillips v. Phillips, 165 Wash 616, 6 P2d 61; Harris v. Harris, 71 Wash 307, 128 P 673, 674; Beers v. Beers, 74 Wash 458, 133 P 605. The court in this Shibley Case says further, quoting from its own decisions, "The party to whom such payments are to be made has to the extent of alimony due and unpaid, such an interest therein that the court has no power to take it away." (Citing 5 of its own decisions.)

In Rule v. Rule, 313 Ill App 108, 39 NE2d 379, it is held: "A foreign divorce decree providing for alimony can be established

as a foreign decree and enforced by appropriate equitable remedy as is customary in the enforcement of local decree for alimony." The court in the opinion shows that this applies to the amount of alimony in arrears. See also Cousineau v. Cousineau, 155 Or 184, 63 P2d 897, 109 ALR 643. Divorces are not permitted in South Carolina, yet in Johnson v. Johnson, 194 SC 115, 8 SE2d 351, the court held that, "A foreign divorce decree, which among other things provided for monthly installments of alimony was a 'final decree' as to accrued and past due installments as respects enforcement in South Carolina."

That provisions for alimony and support of minor children, provided for in a decree of divorce in one state, may be enforced in a sister state, as a judgment of that state is upheld in McDuffie v. McDuffie, 155 Fla 63, 19 So2d 511. See also Miller v. Miller, 186 Okla 566, 99 P2d 515, involving enforcement of a New Jersey decree, and Paul v. Paul, 121 Kan 88, 245 P 1022, 46 ALR 1197, involving a Nebraska decree, where the court states:

"The order to pay was a positive one. It was of course subject to any modification the court might later see fit to make . . . but, as no change was in fact made and it remained in force until the litigation was ended, it has the effect of an unsatisfied judgment. . . . The obligation thus created had the effect of a judgment . . . ."

Massachusetts, in Wells v. Wells, 209 Mass 282, 95 NE 845, 35 LRA(NS) 561, was confronted with the problem of two decrees rendered in divorce proceedings in Michigan, each for alimony, and considers the subject quite extensively. The court shows conclusively that if these decrees were "final decrees for the payment of ascertained sums of money constituting a debt of record, they are entitled to full faith and credit in every state." The court says further, "we regard it as now settled that prima facie at least a decree for the payment of a fixed sum of money found to be already due and payable to wife for the past support of herself and her children is to be regarded as a final decree, although an order for future payments as a provision for future support, being ordinarily liable to modifi-

cation at any time, is subject to the control of the court which made the order, and so is not a final order for the payment of a fixed sum."

But the court shows clearly that accrued unpaid alimony is "a fixed sum" for it upholds plaintiff's complaint for arrears.

The decisions in Glanton v. Renner, 285 Ky 808, 149 SW2d 748; and Lockman v. Lockman, 220 NC 95, 16 SE2d 670, are along the same line. The latter court holds that in an action based upon a judgment rendered by the courts of Florida, "A judgment awarding alimony is a judgment directing payment of money by defendant, and by such judgment the defendant becomes indebted to plaintiff for such alimony as it falls due, and when the defendant is in arrears, court (of North Carolina) may judicially determine amount due and enter a decree accordingly." See also Re Williams, 118 NYS 562, 23 Am Bankr Rep 394.

The supreme court of Minnesota holds, Ostrander v. Ostrander, 190 Minn 547, 252 NW 449: "The obligation imposed upon a divorced husband by a South Dakota decree to pay alimony to the divorced wife will be considered here as remaining one for alimony and not an ordinary debt." The court says that "we need not consider what the full faith and credit clause of the Federal Constitution . . . does or does not require." It remarks that "because of the nature of defendant's obligation and its origin, the enforcement of his duty is as much in need of attention by sovereign power as though he had remained in South Dakota." The court proceeds upon the theory that the wife may sue upon that judgment in Minnesota and get a judgment for the amount of the alimony and is not concerned with whether it is considered to be an action upon a debt or an action to establish the South Dakota judgment, preferring apparently the latter finding. The court states, "The mandate enforced locally will be that of our own court. Only in that secondary sense does the court of one state, by its own process, enforce the judgment of another state." The Minnesota action had been commenced "to compel its payment through whatever power our courts may have, on the equity side, to resort to sequestration,

receivership, or even contempt proceedings, against defendant." The lower court granted the plaintiff judgment for $1350 and ordered that in the enforcement of the judgment the plaintiff should "have all the remedies available under the laws of Minnesota for the enforcement of orders, judgments and decrees requiring the payment of alimony in actions for absolute divorce." The supreme court of Minnesota says, "The decision below is right."

In New Jersey a wife obtained a divorce by default from her husband who was not a resident of the state. Later she moved the court for an amendment of the decree, by the addition of a clause reserving to the New Jersey court the right to allow alimony. The motion was served on the husband in New Jersey. and he appeared in opposition alleging he was a resident of New York, and the decree was purposely drawn to omit alimony. But the motion was granted and the amendment made. Lynde v. Lynde, 54 NJ Eq 473, 35 A 641. This decision was unanimously affirmed by the Court of Appeals. 55 NJ Eq 591, 39 A 1114. Plaintiff then commenced an action in New York to enforce the judgment. In Lynde v. Lynde, 41 App Div 280, 58 NYS 567, the supreme court of the state of New York entered a judgment for alimony based on this judgment for alimony rendered by the New Jersey court and the case was affirmed by the New York Court of Appeals. 162 NY 405, 56 NE 979, 48 LRA 679, 76 Am St Rep 332.

The case found its way to the Supreme Court of the United States (Lynde v. Lynde, 181 US 183, 45 L ed 810, 21 S Ct 555) and therein the court states:

"By the Constitution and the act of Congress requiring the faith and credit to be given to a judgment of the court of another state that it has in the state where it was rendered, it was long ago declared by this court: 'The judgment is made a debt of record, not examinable upon its merit; but it does not carry with it into another state the efficacy of a judgment upon property or persons, to be enforced by execution. To give it the force of a judgment in another state, it must be made a judg-

ment there, and can only be executed in the latter as its laws may permit.' "

Defendant cites Hunt v. Monroe, 32 Utah 428, 91 P 269, 11 LRA(NS) 249, but this court does imply that a suit to recover due and unpaid alimony will lie in Utah, upon a decree of a divorce granted in Colorado, stating: "The mere fact, however, that a specific sum, presently due, is also subject to modification, does not defeat the action in any other state; but the fact that a sum is not specifically fixed as due from one to the other of the parties to the original suit, and certain sums are to become due in the future and payable in installments or otherwise, does defeat the right of action, unless the amount due is ascertained and fixed by some appropriate proceeding before the action on the judgment or order or decree is commenced, as above stated." (p 273)

Defendant cites three decisions of the United States court dealing with the full faith and credit provision in the Federal Constitution. We will deal with these. In Sistare v. Sistare, 218 US 1, 54 L ed 905, 30 S Ct 682, 28 LRA(NS) 1068, 20 Ann Cas 1061, the United States Supreme Court was considering the action of the courts of Connecticut. In Connecticut an action had been commenced "to recover the amount then in arrears of the decreed alimony" granted by the courts of the state of New York. The lower court of Connecticut had allowed the wife to prosecute her suit and had awarded her judgment for the arrears of alimony. The supreme court reversed (80 Conn 1, 66 A 772, 125 Am St Rep 102) but the Supreme Court of the United States stated:

"A decree for the future payment of alimony is, as to installments past due and unpaid, within the protection of the full faith and credit clause of the Federal Constitution, provided that no modification of the decree was made prior to the maturity of such installments, unless by the law of the state in which the decree was rendered, its enforcement is so completely within the discretion of the courts of that state that they may annul

or modify the decree, even as to overdue and unsatisfied installments."

As a general principle, before the court may modify provisions in a judgment rendered or revoke any provisions therein made, so far as accrued and unpaid installments of alimony are concerned, there must be power and authority granted to the courts to do so. As said in Barber v. Barber, 323 US 77, 82, 89 L ed 82, 85, 65 S Ct 137, 157 ALR 163 (quoting partially from the Sistare Case)

" 'every reasonable implication *must be resorted to against the existence of' a power to modify or revoke installments of alimony already accrued* 'in the absence of clear language manifesting an intention to confer it.' "

While this case cited involved the question of a suit brought in Tennessee upon a North Carolina judgment for arrears of alimony, whereas in the case at bar no judgment was entered in California for the claimed arrears, yet the principle is the same, when we are considering the vested rights if any, which the plaintiff has.

In the Barber Case the court calls attention to its holding in the Sistare Case. Defendant urges that this case of Sistare v. Sistare is modified by or distinguished from the case of Barber v. Barber (US) supra. In the latter case the Supreme Court of the United States refers to the Sistare Case. It says:

"The Sistare Case considered the applicability of the full faith and credit clause, only as to decrees for future alimony some of the installments of which had accrued. The present suit was not brought upon a decree of that nature, but upon a money judgment for alimony already due and owing to the petitioner, as to which execution was ordered to issue. The Supreme Court of Tennessee applied to this money judgment the distinction taken in the Sistare Case as to decrees for future alimony. It concluded that by the law of North Carolina the judgment for the specific amount of alimony already accrued was subject to modification by the court which awarded it, that

it was not a final judgment under the rule of the Sistare Case, and therefore was not entitled to full faith and credit."

In this Barber Case the court holds that where the court of the state in which the judgment for alimony is entered has no power to modify the judgment with reference to accrued and unpaid alimony, it makes no difference what is the authorization in this respect in the state in which the action to recover the alimony is commenced. The court of North Carolina, according to the decision, not only had directed payment of alimony in the action for separation but thereafter had entered judgment for the amount of the alimony in arrears. The judgment creditor brought action in Tennessee on this judgment. The supreme court of Tennessee held that the judgment of the lower Tennessee court in favor of the judgment creditor should be reversed on the ground that the North Carolina judgment "was without the finality entitling it to credit under the full faith and credit clause of the Constitution." This holding was based upon the theory that the North Carolina courts had general power to modify provisions with reference to accrued alimony and that being so the North Carolina judgment was not a final judgment. However, in this Barber Case the Supreme Court of the United States held that the North Carolina court, which granted the decree of separation, had no power to modify the judgment in so far as it affected the alimony in arrears and that the provisions of the North Carolina statutes which authorized the court granting the decree of separation to modify or vacate it "at any time, on the application of either party or of anyone interested" applied only to payments not matured and therefore as the North Carolina court did not have power to modify the decree in so far as it affected alimony in arrears the Tennessee court was in error in refusing to give that judgment the full faith and credit required by the Federal Constitution. Thus the case at bar is practically identical with the situation in Barber v. Barber. In Sistare v. Sistare, the court holds specifically that the supreme court of Connecticut should have held that the plaintiff in that case could recover in the courts of Connecticut on the amount in arrears.

It will be noted in the Sistare Case that though the judgment authorizing alimony was the judgment of a court in New York, there was no subsequent judgment entered in New York granting judgment for the amount of the alimony in arrears. The suit in Connecticut was on the same footing as the case here at bar—an action commenced in Connecticut to recover the amount of alimony in arrears, based upon a New York judgment requiring the payment of alimony and showing that the payments were in arrears. The other case defendant cites is, Lynde v. Lynde, supra.

Heretofore we have not had occasion to determine whether under our statutes there is power in the court to modify accrued payments of alimony due under a decree of divorce. There is nothing in our statute which permits it.

In State ex rel. Hagert v. Templeton, 18 ND 525, 123 NW 283, 25 LRA(NS) 234, we hold: "Jurisdiction in matters relating to divorce and alimony is conferred by statute and the power of the court to deal with such matters must find support in the statutes or it does not exist." There is no statutory power granted the courts of this state to modify a judgment as to accrued alimony, and so the reasoning of the Supreme Court of the United States, as set forth in Barber v. Barber (US) supra, is applicable here.

Our statutes dealing with an action for separate maintenance provide: "The judgment may be modified or. vacated at any time upon the hearing of the parties." (§ 14–0806, Rev Code.) But this is not applicable to the case at bar. The status is different here. Alimony in a divorce a vinculo is on a different footing than maintenance in a decree of separation a mensa et thoro, as in this latter situation the parties are still husband and wife. Even if this statute cited could be construed to authorize modification of *past due installments in maintenance* proceedings, a point we do not decide, yet after complete divorce the parties are strangers to each other so far as the marriage relation is concerned. The liability of the defendant is no longer that of a husband but is that of a stranger owing an obligation that arises from the operation of law and "may be enforced

in the manner provided—by civil action or proceeding." § 9–0105, Rev Code.)

There being no statutory authorization for modification of a judgment for accrued and unpaid alimony we must hold that the creditor has a vested right therein.

It makes little difference whether it is argued this is an action to enforce a decree of the California court, or that this is an action to recover on a debt due and stated. Since the plaintiff has a vested right in the past due alimony then she has a claim against the defendant. We are required to give full faith and credit to the judgment and decree of the California court and thus make it our own and establish it here. The plaintiff could sue to recover a debt provable from the judgment in California and full faith and credit will be given to the record of the court in California. She may do this in one action here. We are not required to determine whether, after the establishment of the California judgment in this state, the provisions may be enforced in the manner set forth in the case of Creager v. Superior Ct. 126 Cal App 280, 14 P2d 552, supra. That matter is not before us. It is clear there is a difference of opinion in various jurisdictions on this point and we need not determine this matter of the enforcement of such judgment now.

The defendant has the right to show, if he can, that the California court modified its judgment before payments were due, or that he paid these amounts and thus the debt was discharged, or interpose any other defense he may have as to the payments sought to be recovered or any portion thereof. The complaint states a cause of action and the order sustaining the demurrer is reversed.

CHRISTIANSON, Ch. J., and MORRIS, BURKE and NUESSLE, JJ., concur.