Dorothae RICHTER, Plaintiff and Respondent,

v.

Karl Rudolph RICHTER, Defendant and Appellant.

No. 8102.

Supreme Court of North Dakota.

Feb. 13, 1964.

Rehearing Denied March 16, 1964.

Higgins & Crum, Bismarck, for defendant and appellant.

Mackoff, Kellogg, Muggli & Kirby, Dickinson, for plaintiff and respondent.

ERICKSTAD, Judge.

This is an appeal from a judgment dated January 7, 1963, which was rendered pursuant to an order of the District Court of Mercer County, North Dakota. In an action tried to the court, the plaintiff recovered from the defendant, her former husband, a judgment for accrued alimony and costs.

Prior thereto, on December 12, 1947, a judgment of divorce was secured by the plaintiff against the defendant upon the order of the aforesaid district court. It awarded the plaintiff the custody of three minor children but provided that the defendant should have the right to visit the children and that the minor children were not to be removed from Mercer County without permission of the court. The judgment further provided that the defendant should pay the plaintiff $20.00 per month for the support of each minor child and $75.00 per month alimony "until the further order of the court." It also provided that "the court shall retain jurisdiction of this action for the purpose of amending or modifying the judgment herein as to alimony and custody and support for the children as conditions may warrant from time to time upon the application of the parties to this action."

In 1952 the defendant moved to modify the decree, and, although the court modified the decree as it related to the two older children, it required that the defendant continue to pay the alimony and $20.00 per month for the support of the youngest child. The order concluded as follows: " * * * this order shall in no way modify or affect any remedies of the plaintiff to which she may be entitled against the defendant or alter or modify the judgment entered herein, except as herein provided."

On August 13, 1953, the plaintiff filed an "affidavit and application" seeking to have the defendant punished for contempt of court for having failed to make any child support or alimony payments since February 1, 1953. An order to show cause why this application should not be granted was issued. The return of the defendant, in part, alleged:

"That the plaintiff, without the defendant's permission and contrary to the judgment of the court removed said children from Mercer County, North Dakota, in the year of 1947 or 1948, no Order therefor having ever been served upon this affiant and the affiant having no knowledge thereof; that the said plaintiff then moved to the State of California, with said children, and that the affiant has only seen said minor son on one occasion, since that time, when said child was back to North Dakota for a few days."

In dismissing the contempt proceedings subsequent to a hearing on the application, the court, in its memorandum opinion, said:

"* * * Defendant is in default and plaintiff has secured an order to show cause why he should not be punished for contempt of court. The defendant has filed his return, admitting such default but alleging that he is· unable to pay the amount in arrears and furthermore the plaintiff has removed from the State of North Dakota and taken the minor children with her, in violation of the provisions of the judgment herein. These facts are not in dispute, nor is it claimed that permission was obtained from the court to remove the children. * * *

"The plaintiff, having removed the children from Mercer County without permission of the court, is not in a position to ask the court for any favor. Her application must therefore be denied and the contempt proceedings dismissed, without prejudice."

No further payments were made by the defendant, and no effort was made by the plaintiff to return the child, who was by then the only minor child, to Mercer County.

The action resulting in the judgment appealed from was initiated by service of the summons and original complaint on June 6, 1962. This complaint sought a judgment in the sum of the alimony payments, plus interest, from February 1, 1953, to the date of the complaint. An amended complaint was filed on June 30, 1962, seeking judgment from February 1, 1953, to the date of the trial.

The court ordered judgment in favor of the plaintiff in the sum of $5,660.00, which included costs of $35.00 and alimony payments accruing from August 21, 1956, to and including December 31, 1962. August 21, 1956, is the date on which the youngest child became of age.

The appellant has asserted a number of reasons in support of his contention that the aforesaid judgment should be reversed. As a number of separate assertions of the appellant are interrelated, they will be discussed together.

■ In an action at law to secure a judgment for the amount of accrued but unpaid alimony, it is immaterial that the respondent was in contempt of court for removing her minor children from the county and state without court approval, contrary to a divorce decree, at the time she applied for an order to show cause why the appellant should not be held in contempt of court for failing to pay alimony, pursuant to the decree, and that, because she was in contempt of court, she was denied an order compelling him to make these payments. It should be noted that the order dismissing the contempt proceedings was without prejudice. There was no modification of the judgment. The court merely found that the respondent could not enforce the payment of alimony by way of contempt proceedings while she was also in contempt.

■ The doctrine of res judicata does not apply, as the order dismissing the contempt proceedings affected a matter which was incidental or collateral to the determination of the main controversy. The order established that the respondent's remedy was not by way of a contempt proceeding. It did not in any way modify the divorce decree which required the payment of alimony in monthly installments, which decree is the basis for this action at law to secure a judgment for the sum of the accrued alimony.

"* * * orders which are not final, or which are made on motions affecting matters which are only incidental or collateral to the determination of the main controversy, are not generally considered conclusive, or res judicata, so as to prevent a reexamination of the same questions in subsequent proceedings, except as far as they may bar a renewal of the same motion in the same case on the same grounds * * *." 60 C.J.S. Motions and Orders § 65 (1949).

This court has previously said:

"A judgment in a former suit between the same parties is not conclusive in a subsequent action where it does not appear that the identical question sought to be concluded was necessarily tried and determined in such prior litigation." Syllabus 2, Knutson v. Ekren, 72 N.D. 118, 5 N.W.2d 74.

The argument that an action at law could not be brought upon the divorce decree of 1947 because it was not a final judgment is answered by the holding of this court in the case of Weldy v. Weldy, 74 N.D. 165, 20 N.W.2d 583. There a divorced wife sought to have a California divorce judgment, which provided for monthly installments of alimony, enforced in North Dakota by an action at law. In overruling the divorced husband's demurrer, which alleged that the complaint did not state facts sufficient to constitute a cause of action, this court said:

"Heretofore we have not had occasion to determine whether under our statutes there is power in the court to modify accrued payments of alimony due under a decree of divorce. There is nothing in our statute which permits it.

\* \* \* \* \* \*

"There being no statutory authorization for modification of a judgment for accrued and unpaid alimony, we must hold that the creditor has a vested right therein." Weldy v. Weldy, supra, 20 N.W.2d at 590 and 591.

■ As the decree could not be modified as to the accrued but unpaid alimony, it became final as to the accrued payments and, thus, was a proper basis for a separate action at law.

■ The ability of the appellant to pay accrued alimony, pursuant to a divorce decree, is not a valid issue in a legal action brought to recover a money judgment for the amount of the accrued alimony.

"Authorities differ as to whether the right to enforce a judgment or decree for alimony may be lost by laches, and as to whether statutes of limitation apply.

"It has been held that, since a divorce decree providing for the payment of alimony is a continuing order, the enforcement thereof cannot be barred by laches, and that mere lapse of time alone will not suffice to defeat a claim for alimony due. Under other authority, the right to enforce a judgment or decree for alimony may be lost by laches, but not if the party claiming laches shows no adverse effect, prejudice, disadvantage, or injustice resulting from the delay." 27B C.J.S. Divorce § 256 (1959).

In the case of Hopkins v. Hopkins, a California district court of appeal held that a plea of laches would not lie in an action at law by a divorced wife for monthly pay-

ments allegedly due under a property settlement agreement which had been incorporated in haec verba in the divorce decree.

"Appellant does not complain of the trial court's ruling striking from his answer the plea of laches, and it was clearly correct as such a plea does not lie in an action at law. Brownrigg v. DeFrees, 196 Cal. 534, 539, 238 P. 714; Smith v. City of Los Angeles, 66 Cal. App.2d 562, 586, 153 P.2d 69. * * *" Hopkins v. Hopkins, 116 Cal.App.2d 174, 253 P.2d 723, at 725.

■ Our view is that in the absence of facts which would give rise to an estoppel, an action to reduce to a judgment unpaid installments of alimony is not barred by any delay for a time less than the statutory period of limitation upon a judgment.

That the defendant has married a number of times since the divorce and the order dismissing the contempt proceedings is not an adequate ground for exempting him from his decreed liability.

"It is contended that the appellant has lost by laches her right to enforce the decree under which she claims. The absence of the defendant from the state, and his inability to make the payments, during most of the period since they were discontinued, sufficiently account for the delay in the enforcement of the decree, and, since it finally adjudicated the defendant's liability, he could not be prejudiced in reference to it by the subsequent lapse of time. The fact that, during his long residence in California, he assumed other marital and parental obligations, is not an adequate ground for exempting him from his decreed liability. Langrall v. Langrall, 145 Md. 340, 125 A. 695, 37 A.L.R. 437." Marshall v. Marshall, 164 Md. 107, 163 A. 874, at 876.

The contention that the statute of limitations bars recovery is without merit in this case.

"28-01-15. Actions having ten years limitations.—The following actions must be commenced within ten years after the case of action has accrued:

"1. An action upon a judgment or decree of any court of the United States or of any state or territory within the United States;

" * * *" North Dakota Century Code.

■ In spite of any possible inferences to the contrary which may be drawn from the case of Leifert v. Wolfer, 74 N.D. 746, 24 N.W.2d 690, 169 A.L.R. 633, we believe that where a divorce decree provides for payment of alimony in installments, the right to enforcement accrues on each installment as it matures, and that the statute of limitations begins to run against each installment from the time fixed for its payment. 27B C.J.S. Divorce § 256 (1959).

" * * * The judgment provides for payments of alimony at successive monthly intervals, and the right to enforcement accrues upon each installment as it matures. When a judgment is rendered, payable in installments, the statute begins to run against the judgment from the time fixed for the payment of each installment for the part then payable. * * * If the construction contended for by appellant were adopted, the anomalous situation would be presented of a right of action which may be barred before the cause of action has accrued. * * *" Simmons v. Simmons, 67 S.D. 145, 290 N.W. 319, at 320.

This view has been expressed in similar terms by the Supreme Court of Wisconsin, as follows:

" * * * The court below placed the proper construction upon the statute of limitations by limiting the recovery to such weekly installments as fell due under the terms of said judgment with-

in the ten years next preceding the death of the defendant in that action. In such a form of judgment the statute of limitations can only commence to run as to the installments from the times that such respective payments become due under the terms of the judgment. 23 Cyc. 1510; Gaston v. Gaston, 114 Cal. 542, 46 Pac. 609, 55 Am.St.Rep. 86; Angel on Lim. § 110; Ulman v. Ulman, 148 Mich. 353, 111 N.W. 1072." Arndt v. Burghardt, 165 Wis. 312, 162 N.W. 317, at 318.

As the appellant first defaulted in his alimony payments on February 1, 1953, and as the action seeking the judgment which is herein appealed from was commenced on June 6, 1962, the complaint was amended on June 30, 1962, and the case was tried on November 23, 1962, none of the alimony payments which accrued within that interim were outlawed by the statute of limitations. The respondent was therefore entitled to a judgment in the sum of the alimony payments which accrued between February 1, 1953, and November 23, 1962, plus interest and costs.

This case is therefore remanded to the district court, with instructions that the judgment be modified in accordance with this decision.

MORRIS, C. J., and STRUTZ, TEIGEN and BURKE, JJ., concur.