Yvon B. **KINSELLA**, Plaintiff and Respondent,

v.

Leona A. **KINSELLA**, Defendant and Appellant.

Civ. No. 8623.

Supreme Court of North Dakota.

Dec. 4, 1970.

William R. Mills, Bismarck, for defendant and appellant.

Nilles, Oehlert, Hansen, Selbo & Magill, Fargo, for plaintiff and respondent.

PAULSON, Judge.

Mrs. Kinsella attempts here to appeal from a divorce judgment dated February 10, 1956, from the order modifying judgment dated November 27, 1968, and from the order dismissing the motion to vacate, dated August 15, 1969. There is also a demand for a trial de novo by the defendant and appellant, Leona A. Kinsella. The origin of this case is based on a divorce judgment issued by the District Court of Burleigh County, North Dakota, on February 10, 1956, in which Yvon B. Kinsella was the plaintiff and Leona A. Kinsella was the defendant. Mrs. Kinsella, pursuant to the terms of the divorce judgment, was awarded the absolute custody, care, and control of the minor children of the parties subject to rights of reasonable visitation with their minor children by Mr. Kinsella, at Mrs. Kinsella's residence. The property settlement agreement, dated December 23,

1955, was incorporated into the judgment by reference. The divorce judgment provides that Mr. Kinsella was to pay Mrs. Kinsella at her residence, for support of the minor children of the parties, the sum of $150.00 per month, commencing with the month of December 1955.

Mrs. Kinsella, during the year 1965, moved with their children to California. She avers that she moved to California for economic reasons because she was not able to support her children from the wages she earned as a waitress in Bismarck, even during the time when Mr. Kinsella was contributing child support on a regular basis. Since the 1956 divorce, Mr. and Mrs. Kinsella both have remarried. Mrs. Kinsella (now Mrs. Shalkowski), on July 17, 1968, through her attorney, commenced an action in the Burleigh County District Court against Mr. Kinsella to secure child support payments which were in arrears, in the sum of $1,100.00. Mr. Kinsella made a motion for change of place of trial, since he was a resident of Cass County, and, in addition, he interposed an answer wherein he alleged that no support money was due, primarily for the reason that the divorce judgment awarded him the right of reasonable visitation with his children at Bismarck, North Dakota, and that since his former wife had moved to California and had taken their minor children with her, his right of visitation was wrongfully terminated.

On September 18, 1968, Mrs. Kinsella filed a complaint in Cass County for child support under the Uniform Reciprocal Enforcement of Support Act in an action entitled "Leona A. Shalkowski, Plaintiff v. Yvon B. Kinsella, Defendant", in which she alleged that since September of 1967, Yvon Kinsella had failed to provide support payments of $75 per month for their only dependent child, Holly, the older daughter having married on March 10, 1968.

The Honorable Clifford Jansonius, Judge of the District Court of Burleigh County, on November 9, 1968, issued an order changing the venue in the proceeding from Burleigh County, Fourth Judicial District, to Cass County, First Judicial District. While the action for child support payments and the Uniform Reciprocal Enforcement of Support action were pending, Mr. Kinsella, on November 18, 1968, made a motion before the Burleigh County District Court to modify the divorce judgment insofar as support payments were concerned. Mr. Kinsella's motion to modify the original divorce judgment was personally served upon Mr. William R. Mills of Bismarck, Mrs. Kinsella's counsel in the action initiated by her on July 17, 1968. However, neither Mrs. Kinsella nor her attorney appeared at the November 25, 1968, hearing on the motion to amend the divorce judgment. Pursuant to such motion, on November 27, 1968, Judge Jansonius entered an order amending the February 10, 1956, divorce judgment. This order provided that because of Robin Kinsella's marriage on March 10, 1968, Mr. Kinsella's obligation of $75.00 per month child support for her was terminated as of the date of her marriage. The order also stated that the child support arrearages which accrued from August of 1967 to November 27, 1968, the date of the order, of $75.00 per month for Holly, age 13, were canceled for the reason that Mrs. Kinsella had moved from North Dakota to California and had refused Mr. Kinsella's reasonable visitation privileges to said child. The order further stated that Mr. Kinsella's future support obligations of $75.00 per month for Holly were terminated until such time as Mr. Kinsella was afforded reasonable visitation rights in North Dakota, including the right to have Holly visit at his home in Fargo.

In December of 1968, the Cass County District determined that no cause of action existed under the Uniform Reciprocal Enforcement of Support Act, and Mrs. Kinsella's petition was dismissed without prejudice provided the original divorce decree should be further modified. The Cass County District Court based its decision on the order entered on November 27, 1968, which modified the divorce judgment and

terminated the child support arrearages, as well as future support.

Mr. Kinsella, on December 5, 1968, made a motion for a summary judgment in the arrearage proceedings commenced by Mrs. Kinsella. The Cass County District Court postponed further action on the motion for a summary judgment until such time as Mrs. Kinsella moved to set aside the order of November 27, 1968, which order modified the original divorce judgment.

Mrs. Kinsella, on January 15, 1969, moved to set aside the order of November 27, 1968. Subsequently, Judge Jansonius issued an order dismissing Mrs. Kinsella's motion to vacate, holding that the court had jurisdiction to enter the order of November 27, 1968, and, after considering the reasons set forth by the parties, he found that there were no compelling reasons to vacate such order. On August 25, 1969, Mr. Kinsella again made a motion for a summary judgment in the arrearage action. On September 10, 1969, the Honorable Judge Roy K. Redetzke, of Cass County District Court, issued an order postponing the hearing on the motion for a summary judgment until such time as Mrs. Kinsella could appeal the order dismissing her motion to vacate the order of November 27, 1968.

Section 28–27–04 of the North Dakota Century Code provides:

"An appeal from a judgment may be taken within ninety days after the entry thereof by default or after written notice of the entry thereof, in case the party against whom it is entered has appeared in the action, and from an order within sixty days after written notice of the same shall have been given to the party appealing."

■ Since the appeal from the judgment and from the order modifying the judgment were not taken within the time prescribed by § 28–27–04, N.D.C.C., this Court does not have jurisdiction to hear and determine said appeals. Thus the only appeal before this Court is from the order

dismissing the motion to vacate, dated August 15, 1969. Mrs. Kinsella's demand for a trial de novo is improper because she has appealed solely from this order. The statute authorizing trials anew in this Court applies exclusively to judgments. § 28–27–32, N.D.C.C.; Guldeman v. Heller, 151 N.W.2d 436 (N.D.1967); Dale v. Duffy, 44 N.D. 33, 176 N.W. 97 (1919).

■ The district court has had continuing jurisdiction in rem in the case at bar.

The issue arising from this appeal is whether or not the district court abused its discretion in denying Mrs. Kinsella's motion to vacate the order of August 15, 1969. There are two questions to be answered in considering this issue:

1. Did the Burleigh County District Court acquire personal jurisdiction of Mrs. Kinsella by service of the motion papers upon Mrs. Kinsella's attorney, pursuant to Rule 5(b), of the North Dakota Rules of Civil Procedure?

and

2. Was the district court's order dismissing the motion to vacate, under Rule 60(b), N.D.R.Civ.P., an abuse of discretion?

Rule 5(b), N.D.R.Civ.P., reads as follows:

"RULE 5

"SERVICE AND FILING
OF PLEADINGS AND
OTHER PAPERS

\* \* \* \* \* \*

"(b) *Service—How made.* Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, upon order of the court by leaving it with

the clerk of the court. Delivery of a copy within this rule means: handing it to the attorney or to the party; or, leaving it at his office with his clerk or other person in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving it at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. Service by mail is complete upon mailing."

An analysis of Rule 5(b) is found in 1 Barron and Holtzoff, Federal Practice and Procedure § 203, at 763 (Wright Ed.). After the action has been commenced and the summons and complaint have been served, service of subsequent papers may be made upon counsel. It is mandatory that service be made upon counsel unless service on the party himself has been ordered by the court or unless the party is acting pro se. The service of a motion upon the attorney representing the opposing party to modify the provisions of a divorce judgment concerning child custody and support is valid and effective. Preston v. Preston, 107 N.J.Super. 44, 256 A.2d 802 (1969); State ex rel. Meins v. Superior Court of Skagit County, 159 Wash. 277, 292 P. 1011 (1930); 42 A.L.R.2d 1119; 78 A.L.R. 370. Cf. Higgins v. Hawks, 122 N.W.2d 129, (N.D.1963); Atwood v. Atwood, 253 Minn. 185, 91 N.W.2d 728 (1958); Beach v. Beach, 6 Dak. 371, 43 N.W. 701 (1889). In ordinary circumstances an attorney represents his client only in the matters in which he is employed and not in unrelated proceedings which may be instituted against his client. At that time service upon him would be improper. However, in the instant case, Mr. Mills initiated an action based on the divorce judgment, and all subsequent actions at bar were related and founded upon this divorce judgment. This being so, service of the motion papers upon Mr. Mills to modify the judgment in these proceedings would be valid service upon Mrs. Kinsella, and the

District Court of Burleigh County thus acquired personal jurisdiction over her. State ex rel. Meins v. Superior Court of Skagit County, supra. We conclude that Mr. Mills was the attorney of record in the instant case and that service of the above-mentioned motion papers upon him, pursuant to Rule 5(b), N.D.R.Civ.P., was valid, and that the district court had jurisdiction in personam as well as jurisdiction in rem over Mrs. Kinsella.

In answering the question whether the order dismissing the motion to vacate was an abuse of discretion under Rule 60(b), N.D.R.Civ.P., it is necessary to consider the pertinent part of that rule, to wit:

"RULE 60

"RELIEF FROM JUDGMENT OR ORDER

\*   \*   \*   \*   \*   \*

"(b) *Mistakes—Inadvertence—Excusable neglect—Newly discovered evidence —Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order in any action or proceeding for the following reasons:

\*   \*   \*   \*   \*   \*

(6)   any other reason justifying relief from the operation of the judgment. \* \* \*"

In Zundel v. Zundel, 146 N.W.2d 896 (N.D.1966), in paragraph 1 of the syllabus, this Court said:

"An application to vacate a judgment is addressed to the trial court's sound discretion, the exercise of which will not be disturbed on appeal except for abuse."

However, the broad language of Rule 60(b)(6), N.D.R.Civ.P., gives the court ample power to vacate a judgment or an order whenever such action is appropriate to accomplish justice. If it is unjust that a judgment or an order be enforced, Rule 60 (b) (6) does provide an avenue of escape from the judgment or order, unhampered by detailed restrictions. In re Braun, 145

N.W.2d 482 (N.D.1966). 3 Barron and Holtzoff, Federal Practice and Procedure § 1329, at 417 (Wright Ed.), discusses specifically the relief available under Rule 60(b) (6) of the Federal Rules of Civil Procedure, which is identical to our Rule 60 (b) (6). The relevant portion of Barron and Holtzoff, *ibid.* (which this Court quoted in Zundel v. Zundel, *supra* 146 N.W.2d at 901), states:

> "Subdivision (b) (6), as is the case with subdivision (b) (2), (3), (4), and (5), is also new and authorizes a motion for relief for 'any other reason justifying relief from the operation of the judgment.' This broad language gives the courts ample power to vacate judgments whenever such action is appropriate to accomplish justice. Of course this power is not provided in order to relieve a party from free, calculated and deliberate choices he has made. The party remains under a duty to take legal steps to protect his interests. But if it is unjust that a judgment be enforced, Rule 60(b) (6) provides an avenue for escape from the judgment, unhampered by detailed restrictions, and the courts have used this clause in a wide variety of situations."

Barron and Holtzoff, *id.* at 419, further states that "A court may exercise its power under Rule 60(b) (6) to vacate an order on conditions that will place the parties in status quo."

The North Dakota Supreme Court has held that Rule 60(b) is remedial in nature and should be liberally construed and applied. Sioux Falls Construction Co. v. Dakota Flooring, 109 N.W.2d 244 (N.D. 1961) If prompt application is made to set aside a default judgment and this application contains an answer disclosing a meritorious defense, the court should sustain the motion and permit the case to be heard upon its merits. Sioux Falls Construction Co. v. Dakota Flooring, *supra.* In the instant case, Mrs. Kinsella's motion, dated January 15, 1969, to vacate the order of November 27, 1968, was timely. If the default judgment is permitted to stand, the primary person to suffer hardship would be the minor daughter of the parties, who is not a party to this action. A father's duty to support his children is continuous and does not depend upon his prosperity nor upon his existent or nonexistent obligation to support his wife. In North Dakota, a father's duty of support toward his children is both a legal and a moral obligation. §§ 14–07–15, 14–09–08, N.D.C.C.; Heller v. Heller, 81 N.W.2d 124 (N.D.1957); § 14–09–22, N.D.C.C. In addition, the fundamental concern of the court in the instant case is the welfare of the Kinsellas' unmarried minor child.

In Bryant v. Bryant, 102 N.W.2d 800, 801 (N.D.1960), in paragraph 1 of the syllabus, the North Dakota Supreme Court said:

> "When a divorce is granted, the trial court has continuing jurisdiction with regard to the custody, care, education, and welfare of the minor children of the marriage."

In Kucera v. Kucera, 117 N.W.2d 810, 811 (N.D.1962), in paragraph 8 of the syllabus, the Court stated:

> "The welfare of the children is the determining concern of the court in providing for their custody and care."

In the case at bar, the Kinsellas, in 1956, obtained their divorce within the jurisdiction of the District Court of Burleigh County, and, therefore, that court has a continuing obligation to protect and care for the children of that severed union. Sections 14–05–22 and 14–05–24, N.D.C.C., provide that the court may modify a divorce judgment or an order at any time by a proper showing of changed conditions. Kucera v. Kucera, *supra.* Nevertheless, the question whether or not child support payments may be retrospectively modified

or canceled has not been decided before this time in North Dakota by this Court.

However, in a case resulting from a California divorce decree this Court in Weldy v. Weldy, 74 N.D. 165, 20 N.W.2d 583 (1945), in paragraph 1 of the syllabus, held that alimony and maintenance payments which had accrued became vested, and no modification of the sum due could be made. Affirming Weldy v. Weldy, *supra*, this Court held in Richter v. Richter, 126 N.W.2d 634, 635 (N.D.1964), in paragraph 3 of the syllabus:

"As a divorce decree cannot be modified as to accrued but unpaid alimony, it becomes final as to the accrued payments and, thus, is a proper basis for a separate action at law."

Nevertheless, in a decision involving a North Dakota divorce, Nugent v. Nugent, 152 N.W.2d 323 (N.D.1967), we held that there may be a retrospective modification or termination of alimony installments which have accrued following the remarriage of the former wife. Our reasoning was that a man should not have the obligation to support another man's wife, and that a former wife should not have what in effect would be the financial benefit of having two husbands at one time.

A number of jurisdictions regard child support payments to be vested as they accrue, and retrospective modification or termination of such payments is not permitted. Broome v. Broome, 450 P.2d 642 (Colo.1969); Vail v. Vail, 98 Ill.App.2d 234, 240 N.E.2d 519 (1968); Howard v. Howard, 191 So.2d 528 (Miss.1966); Wren v. Wren, 256 Iowa 484, 127 N.W.2d 643 (1964); 24 Am.Jur.2d, Divorce and Separation §§ 695–702, pp. 809–813; 6 A.L.R.2d 1278; 2A Nelson, Divorce and Annulment (2d ed.) § 1705, pp. 39–45.

In some jurisdictions, retrospective modification or cancellation is permitted. In Zieman v. Zieman, 265 Minn. 190, 121 N.W.

2d 77 (1963), in paragraph 4 of the syllabus, the Minnesota Supreme Court stated:

"The district court has power to modify arrearages of support money and alimony."

This is also true if a husband's default was due to illness and circumstances beyond his control. Schmidt v. Schmidt, 275 Minn. 268, 146 N.W.2d 185 (1966). In these cases, the requirements of the former wife and the financial ability of the former husband are considered. Dougherty v. Dougherty, 76 S.D. 318, 77 N.W.2d 845 (1956); 24 Am. Jur.2d, Divorce and Separation § 695, n. 1; 6 A.L.R.2d 1283, § 3.

However, in Bryant v. Bryant, *supra* 102 N.W.2d at 802, in paragraph 6 of the syllabus, this Court stated:

"The trial court should be more reluctant to order a modification of a decree as to payments for support of children where it is based on agreement than where the decree is based on the finding of the court as to ability to pay."

Furthermore, in Richter v. Richter, *supra* 126 N.W.2d at 635, in paragraph 4 of the syllabus, this Court stated:

"The ability of a person to pay accrued alimony, pursuant to a divorce decree, is not a valid issue in a legal action brought to recover a money judgment for the amount of the accrued alimony."

Thus, in conformity with our prior decisions concerning alimony and our special concern for the welfare of children, we believe the better rule to be that accrued but unpaid child support payments cannot be modified.

As to whether the modification as to unaccrued payments was in order, we must examine the record. It indicates that neither the divorce judgment nor the incorporated, voluntarily executed property settlement agreement contains any specific

prohibition against Mrs. Kinsella's decision to remove herself and their children from the State of North Dakota. The record further indicates that Mrs. Kinsella moved to California nine years after their divorce because she was unable to earn sufficient money as a waitress in North Dakota to support her family and herself, even during the time that Mr. Kinsella was contributing child support on a regular basis. It further appears that while Mrs. Kinsella was living in North Dakota, Mr. Kinsella voluntarily moved from North Dakota to Alaska, where he resided from July 1958 until January 1963. Mr. Kinsella, during that extended period of time, elected not to exercise his parental visitation rights. From this record there would appear to be no basis for modifying the child support award as to unaccrued child support payments except as to the one married daughter.

Mrs. Kinsella also requests that this Court make an allowance for her costs and attorney fees on appeal, to be taxed to Mr. Kinsella in this proceeding. The record does not reveal that Mrs. Kinsella made a motion for costs and attorney fees on appeal before the district court; nor is there a motion before this Court on her behalf for costs and attorney fees on appeal. The request for costs and attorney fees will not be considered, because a request for attorney fees and costs on appeal was not presented to the district court nor to this Court by the requisite motions.

Under Rule 60(b) (6), N.D.R.Civ.P., Mrs. Kinsella is entitled to have the order vacated. Accordingly, the order to dismiss the motion to vacate is hereby reversed and the case is hereby remanded to the trial court for further proceedings consistent with this opinion.

TEIGEN, C. J., and ERICKSTAD, STRUTZ and KNUDSON, JJ., concur.